**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#35/36/37/JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Granting Defendants' Motions to Dismiss [35, 36]

      Pending before the Court are Defendants' motions to dismiss. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motions.

I.    Background

      Defendant Corinthian Colleges, Inc. ("Corinthian Colleges") operates for-profit vocational schools throughout the United States. *See Compl.* ¶ 2. Defendants Jack Massimino, David Moore, Paul St. Pierre, Alice T. Kane, Linda A. Skladany, Hank Adler, and Terry O. Hartshorn ("the Individual Defendants") (together with Corinthian Colleges, "Corinthian Defendants") are members of Corinthian Colleges' board of directors. *See id.* ¶ 15. Corinthian Colleges allegedly thrives on its recruiting practices, receiving billions of dollars in financial aid under Title IV of the Higher Education Act ("HEA"), 20 U.S.C. § 1094(a)(2). *See id.* ¶¶ 5, 6.

      In an effort to increase enrollment—and thus federal funding under Title IV—Corinthian Colleges allegedly offers its recruiters incentive payments and strict quotas for enrolling new students. *See id.* ¶¶ 31, 32. According to the Complaint, "recruiters that exceed their quotas receive raises of 2.5% to 10% of their base salary, every six months, depending on the number of new recruits they sign up." *Id.* The payment schedule is presented in the Admissions Representative Compensation Program ("Compensation Program"), attached to the Complaint as Exhibit A. Additionally, newly recruited students are allegedly required to remain enrolled for a fixed period in order to count toward the recruiter's quota. *See id.* ¶ 32.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

According to the Complaint, Corinthian Colleges' incentive payments violate the eligibility requirements of the HEA, which prohibits "any commission, bonus, or other incentive payment based directly or indirectly on success in securing enrollments or financial aid to any persons or entities engaged in any student recruiting or admission activities or in making decisions regarding the award of student financial assistance." 20 U.S.C. § 1094(a)(20). Corinthian Colleges was required to enter into a program participation agreement ("PPA") with the Department of Education in order to qualify for funding under HEA programs. *See* 20 U.S.C. § 1094(a). Additionally, Corinthian Colleges was required to submit annual audit reports and reports attesting to the institution's compliance with the HEA. Defendant Ernst & Young LLP ("Ernst & Young") allegedly assisted Corinthian Colleges in submitting its reports to the Department of Education. *See Compl.* ¶ 33-34, 37. According to the Complaint, Corinthian Colleges misrepresented its eligibility status to the Department of Education in its PPA and periodic reports because its Compensation Program allegedly violated the HEA prohibition against incentive payments. *See id.* ¶¶ 34-35. Because it allegedly submitted reports to the Department of Education on behalf of Corinthian Colleges, Ernst & Young also allegedly made false statements to the federal government. *See id.* ¶ 37.

On March 26, 2007, Relators Nyoka Lee and Talala Mshuja ("Relators") filed a *qui tam* action against Corinthian Defendants and Ernst & Young under seal. *See* 31 U.S.C. 3730(b)(2). On February 25, 2009, the United States elected not to intervene in the action, leaving only Relators to pursue their claims. *See* Dkt. #21. Relators allege four causes of action under the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1), (2), (3), (7) ("the FCA Claims"). *See Compl.* ¶¶50-61. Additionally, Relators include causes of action for common law fraud, unjust enrichment, and payment under mistake of fact ("the state law claims"). *See id.* ¶¶ 62-76.

II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim to relief. *See Ashcroft*, 129 S. Ct. at 1950.

Under Federal Rule of Civil Procedure 9(b), *qui tam* actions must be pled with particularity because they involve allegations of fraud. *See* Fed. R. Civ. P. 9(b); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) ("The FCA is an anti-fraud statute. . . . As such, we hold that complaints brought under the FCA must fulfill the requirements of Rule 9(b).").

III. Discussion

On August 3, 2009, Corinthian Defendants filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), and 9(b). On the same day, Ernst & Young filed a separate Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).[1] The claims against Corinthian Colleges will be assessed, followed by the claims against the Individual Defendants and Ernst & Young.

A. Claims Against Corinthian Colleges

Relators' claims against Corinthian Colleges hinge upon the alleged false statements made by Corinthian Colleges to the Department of Education. In particular, Relators claim that Corinthian Colleges purported to comply with the HEA in its PPA and numerous reports filed with the Department of Education, while in fact it was awarding incentive payments to recruiters in violation of the statute. For the reasons that follow, Relators' FCA and state law claims against Corinthian Colleges fail.

---

[1] Corinthian Defendants join in Ernst & Young's motion "to the extent the motion is not specific to [Ernst & Young]." *Corinthian Defendants' Mot.*, 7 n.2.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

       1.      <u>The FCA Claims</u>

In order to state a claim under the FCA, Relators must establish the following elements: (1) a false statement or fraudulent conduct, (2) scienter, (3) materiality of the statement or conduct, and (4) payments made by the government. *See U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006).

          a.      <u>False Statement</u>

Relators' FCA Claims all require the making or use of a "false" statement.[2] However, Relators fail to allege sufficient facts to infer that Corinthian Colleges made a false statement to the Department of Education. First, Corinthian Colleges' Compensation Program falls directly within an HEA "safe harbor" concerning incentive payments. Thus, any representations made to the Department of Education that its incentive program complies with the HEA's prohibition on incentive payments could not have been "false." According to Department of Education regulations pertaining to PPAs, a participating institution may compensate employees for recruitment so long as adjustments are not made more than twice per year and based "solely" on recruitment. *See* 34 C.F.R. § 668.14(b)(22)(ii)(A) ("The payment of fixed compensation, such as a fixed annual salary or a fixed hourly wage, as long as that compensation is not adjusted up or down more than twice during any twelve month period, and any adjustment is not based *solely* on the number of students recruited, admitted, enrolled, or awarded financial aid." (emphasis added)). Indeed, the Department of Education implemented this safe harbor in recognition that "by the very job description, a recruiter's job is to recruit." 67 Fed. Reg. 67056.

In this case, Relators claim that Corinthian Colleges awarded raises to recruiters if they exceed their recruiting quotas, no more than twice per year. *See Compl.* ¶ 31. This practice falls

---

     [2] Relators' First Cause of Action under 31 U.S.C. § 3729(a)(1) requires proof of a "*false* or fraudulent claim for payment" made to the United States government. 31 U.S.C. § 3729(a)(1) (emphasis added). Relators' Second Cause of Action under 31 U.S.C. § 3729(a)(2) requires proof that the defendant made or used "a *false* record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2) (emphasis added). Relators' Third Cause of Action under 31 U.S.C. § 3729(a)(3) requires proof of a conspiracy to defraud the government by "getting a *false* or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(3) (emphasis added). Finally, Relators' Fourth Cause of Action under 31 U.S.C. § 3729(a)(7) requires proof of a "*false* record or statement" made to conceal or avoid an obligation to pay money or property to the government. 31 U.S.C. § 3729(a)(7) (emphasis added).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

within the safe harbor because pay increases are made at most twice per year and Relators do not allege that the increase is made *solely* on the basis of new enrollees. Indeed, Relators attached a copy of the Compensation Program detailing the alleged incentive payments, and this document makes clear that increases in base salaries are not made solely upon the number of new enrollees.

Recruiters are eligible under the Compensation Program only if they recruit a minimum of 40 new students *in addition to* achieving minimum performance standards and an overall performance rating of "Good" on the Employee Performance Review Form. *See Compl.*, Ex. A. Thus, salary increases are made on the basis of multiple criteria, with the number of new recruits being one of the considerations. Furthermore, recruiters receive a greater increase if they receive a higher performance rating. For example, a recruiter who receives a "Good" rating plus 40 new students will earn a 2.5% salary increase while a recruiter who receives an "Excellent" rating plus 40 new students will earn a 5% salary increase. Thus, the Compensation Program does not tie increases in salary solely to the number of students recruited and only adjusts salaries at most twice per year. As such, the Compensation Program falls within the safe harbor.

Second, Relators argue that Corinthian Colleges terminates recruiters who fail to satisfy their quotas for new students. *See Compl.* ¶ 31. However, the termination of recruiters is not covered by the HEA prohibition on incentive payments. *See U.S. ex rel. Bott v. Silicon Valley Colleges*, No. 06-15423, 2008 WL 59364, *1 (9th Cir. Jan. 4, 2008) ("The decision to fire an employee is not covered by the Act because termination is not a prohibited 'commission, bonus, or other incentive payment.'" (citing 20 U.S.C. § 1094(a)(20))).[3] Thus, Corinthian Colleges' termination of underperforming recruiters does not fall under the HEA incentive payment prohibition at issue in this case.

Third, Relators argue that Corinthian Colleges incentivized recruiters to retain students for a sufficient period to qualify for federal financial aid benefits. *See Compl.* ¶ 32. As with the termination claims, Relators' retention claims do not fall under the HEA prohibition of commissions, bonuses, or other incentive payments. Indeed, it is difficult to understand how the retention of students runs counter to the goals of the HEA.

      b.     <u>Scienter</u>

---

[3] The *Bott* case involved substantially similar claims litigated by the same lawyers representing Relators in this case.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

Even if Relators had adequately pleaded a false statement, Corinthian Defendants argue that their reliance on the safe harbor negates scienter. In order to counter this point, Relators try to argue that the safe harbor is facially invalid. *See Opp.* 13:3-20. However, the Court does not address the validity of the safe harbor because, even if invalid, Corinthian Colleges reasonably relied upon the provision and, thus, could not have acted with scienter. *See United States ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1074 (9th Cir. 1998) ("Absent evidence that the defendants knew that [the regulatory guidelines] on which they relied did not apply . . . no False Claims Act liability can be found."); *Bott*, 2008 WL 59364, *1 ("We need not determine whether the safe harbor regulation is actually valid. If defendants complied with a facially valid regulation, relators cannot show the required scienter under the False Claims Act for actions after the safe harbor regulation was promulgated. The safe harbor regulation is not facially invalid because the [HEA] prohibits direct or indirect bonuses, while the regulation specifies permissible means by which to calculate base salaries." (internal citation omitted)).

    c.  <u>Dismissal with Prejudice</u>

The Court finds that Corinthian Colleges' Compensation Program falls within the safe harbor, C.F.R. § 668.14(b)(22)(ii)(A), and thus Relators fail to allege that Corinthian Colleges made a false statement to the Department of Education. Accordingly, Relators' FCA Claims against Corinthian Colleges are dismissed. *See Ashcroft*, 129 S. Ct. at 1950 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Ordinarily, courts permit leave to amend upon dismissal of a claim, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted). In this case, Relators' FCA claims are legally implausible because, as previously discussed, the compensation program attached to the Complaint shows that Corinthian Colleges' incentive program is not based solely on recruitment. *See Ashcroft*, 129 S. Ct. at 1950. Relators have not pled any facts to support a reasonable inference that Corinthian Colleges' incentive program violates the HEA, nor have they suggested in the Complaint or in the opposition that the incentive program is a "sham mechanism" for circumventing the HEA. *See Bott*, 2008 WL 59364, at *1. For these reasons, the Court dismisses Relators' FCA claims against Corinthian Colleges with prejudice.

    2.  <u>State Law Claims</u>

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

In addition to their FCA claims, Relators also allege various state law claims. The Fifth Cause of Action is for common law fraud, the Sixth Cause of Action is for unjust enrichment, and the Seventh Cause of Action is for payment under mistake of fact. However, Relators lack standing to pursue these claims because they did not personally suffer an injury as a result of Corinthian Colleges' alleged misconduct. *See United States v. Eastman Kodak Co.*, 98 F. Supp. 2d 141, 149 (D. Mass. 2000) (noting that the FCA "does not give relators the right to assert common law claims on behalf of the United States"); 1 John T. Boese, *Civil False Claims and Qui Tam Actions* § 2.11 (3d ed. supp. 2009) (noting that the FCA "has not been interpreted to provide relators with any sort of 'supplemental standing' to assert common law claims along with proper FCA claims"). Therefore, the Court dismisses Relators' state law claims as to all Defendants with prejudice for lack of standing.

      B.    <u>Claims Against the Individual Defendants and Ernst & Young</u>

The liability of the Individual Defendants and Ernst & Young is contingent upon Corinthian Colleges' liability. If Relators fail to state a claim under the FCA against Corinthian Colleges, they cannot state a claim under the FCA against the Individual Defendants (who allegedly directed Corinthian Colleges' recruitment and funding policies) and Ernst & Young (who allegedly submitted independent reports to the Department of Education on behalf of Corinthian Colleges). As discussed previously, Relators cannot state a plausible claim against Corinthian Colleges under the FCA. Accordingly, Relators fail to state a plausible claim against the Individual Defendants and Ernst & Young. Therefore, as with their claims against Corinthian Colleges, Relators' FCA Claims as against the Individual Defendants and Ernst & Young are dismissed with prejudice. Furthermore, as previously stated, Relators' state law claims are dismissed as to all Defendants with prejudice for lack of standing.

IV.    <u>Conclusion</u>

    Based on the foregoing, the Court:

    1.    GRANTS the Motion to Dismiss filed by Corinthian Colleges, Inc., David Moore, Jack D. Massimino, Paul St. Pierre, Alice T. Kane, Linda A. Skladany, Hank Adler, and Terry O. Hartshorn with prejudice; and

    2.    GRANTS the Motion to Dismiss filed by Ernst & Young with prejudice.

    The Clerk is directed to close the case.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#35/36/37/JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | December 4, 2009 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

**IT IS SO ORDERED.**