TIMOTHY J. HATCH, SBN 165369
thatch@gibsondunn.com
JAMES L. ZELENAY, JR., SBN 237339
jzelenay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant,
Ernst & Young LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. NYOKA LEE and TALALA MSHUJA,<br><br>    Plaintiffs,<br><br>    v.<br><br>CORINTHIAN COLLEGES et al.,<br><br>    Defendants. | Case No. CV 07-01984 PSG (MANx)<br><br>**DEFENDANT ERNST & YOUNG LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>[Defendant's Notice of Motion and Motion to Dismiss, Declaration of Laurence A. Weiss, and [Proposed] Order filed concurrently herewith]<br><br>Judge: Hon. Philip S. Gutierrez<br>Place: Courtroom No. 790<br>Date: Apr. 2, 2012<br>Time: 1:30 p.m. |

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rule of Evidence 201, defendant Ernst & Young LLP ("EY") hereby requests that the Court take judicial notice of the following exhibits in support of its concurrently filed Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of facts that are "not subject to reasonable dispute" in that they are either: (1) "generally known within the territorial jurisdiction of the trial court," or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, in connection with a motion to dismiss, a court may take judicial notice of documents that are referred to in the plaintiff's amended complaint and that are central to the plaintiff's claims.  *See, e.g., Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

**Exhibit A** – Exhibit A is a true and correct copy of August 25, 2008 reports entitled Report of Independent Registered Public Accounting Firm, and Report on Internal Control Over Financial Reporting and on Compliance and Other Matters Based on an Audit of the Consolidated Financial Statements Performed in Accordance with *Government Auditing Standards*, issued by EY to The Board of Directors of Corinthian Colleges, Inc.  This is an exemplar of the financial reports issued to Corinthian Colleges, Inc.   The Court may take judicial notice of these documents because they are referred to in the Amended Complaint, and are central to Relators' claims.  *See, e.g.*, Compl. ¶¶ 20, 22.  *See also Marder*, 450 F.3d at 448.

**Exhibit B** – Exhibit B is a true and correct copy of a Form 10-K/A filing submitted to the Securities and Exchange Commission ("SEC") for Corinthian Colleges, Inc., for the fiscal year ended June 30, 2006.  The Court may take judicial notice of this document as it is a public filing and is readily available.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.2001) ("a court may take judicial notice of 'matters of public record'"); *In re Syntex Secs. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) (taking judicial notice of annual SEC filings in context of a motion to dismiss).

Gibson, Dunn & Crutcher LLP

1

**DEFENDANT ERNST & YOUNG LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**, Case No. CV 07-01984 PSG (MANx)

**Exhibit C** – Exhibit C is a true and correct copy of an October 30, 2002 Memorandum from William D. Hansen, Department of Education Deputy Secretary, to Terri Shaw, Department of Education Chief Operating Officer, Federal Student Aid, with the following subject: Enforcement policy for violations of incentive compensation prohibition by institutions participating in student aid programs. Because this document reflects a policy memorandum of the Department of Education, it is subject to judicial notice. *See Brown v. Valoff*, 422 F.3d 926, 931 n.7, 933 n.9, 938-39, 941-42 (taking judicial notice of operations manual and administrative bulletin of California Department of Corrections for purposes of noticing procedures generally followed by Department). Moreover, this document is publicly available from the Department through the Freedom of Information Act ("FOIA"), and is therefore also properly the subject of judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of some public records, including the records and reports of administrative bodies.") (quotation marks omitted); *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 U.S. Dist. LEXIS 18811, at *6-8 (N.D. Cal. Feb. 27, 2007) (granting unopposed request to take judicial notice of documents received through FOIA); *United States v. Atchison, Topeka & Santa Fe R.R. Co.*, No. CV-F-92-5068, 2003 U.S. Dist. LEXIS 23130, at *7-8 (E.D. Cal. June 25, 2003) (taking judicial notice of documents received through FOIA).

**Exhibit D** – Exhibit D is a true and correct copy of an October 5, 2005 Order promulgated by the U.S. District Court for the Northern District of California granting a Motion to Dismiss against Relator's counsel in a prior case. The relevance of that Order to this proceeding lies in specific pleading practices which that court expressly held to be insufficient to satisfy Federal Rule of Civil Procedure 8, and which are substantially duplicated throughout the Relators' new amended complaint (i.e., Relators' futile attempt to mask the fatal vagueness of their allegations by liberally peppering the complaint with the term "solely".) As matters of public record, all prior

Gibson, Dunn & Crutcher LLP

2

**DEFENDANT ERNST & YOUNG LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**, Case No. CV 07-01984 PSG (MANx)

court filings and orders that are relevant to the current proceedings are properly the subject of judicial notice. *See Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.)*, 546 F.3d 667, 670 n. 1 (9th Cir.2008) ("This court may take notice of proceedings of other courts . . . if those proceedings have a direct relation to matters at issue." (quoting *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992)); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir.2007) (same); *Lee*, 250 F.3d at 688-89 ("a court may take judicial notice of 'matters of public record'.")

DATED: January 20, 2012					GIBSON, DUNN & CRUTCHER LLP


							By:	/s/ James L. Zelenay, Jr.
								James L. Zelenay, Jr.

							Attorneys for Defendant,
							Ernst & Young LLP

Gibson, Dunn & Crutcher LLP

3

**DEFENDANT ERNST & YOUNG LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**, Case No. CV 07-01984 PSG (MANx)