BRAD D. BRIAN (State Bar No. 079001)
Brad.Brian@mto.com
HEATHER E. TAKAHASHI (State Bar No. 245845)
Heather.Takahashi@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

BLANCA F. YOUNG (State Bar No. 217533)
Blanca.Young@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Defendant
CORINTHIAN COLLEGES INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. STEVEN FUHR,<br><br>Plaintiff,<br><br>vs.<br><br>CORINTHIAN COLLEGES INC.,<br><br>Defendant. | CASE NO. 8:07-cv-01157-AG-CW<br><br>**NOTICE OF RELATED CASE**<br><br>**(C.D. Cal. L-R 83-1.3.1)** |

|   |   |
|---|---|
| 1 | Pursuant to Local Rule 83-1.3.1, Defendant Corinthian Colleges ("the |
| 2 | School") hereby notifies the Court that this action is related to a case previously |
| 3 | filed in this district: *United States ex rel. Nyoka Lee and Talala Mshuja v.* |
| 4 | *Corinthian Colleges*, No. 07 Civ. 1984 (C.D. Cal.) (Gutierrez, J.) (filed March 26, |
| 5 | 2007). The instant action is related to *Lee* because it arises from the same |
| 6 | transactions alleged in *Lee*, calls for essentially the same determinations of law and |
| 7 | fact that will be required in *Lee*, and will require substantial duplication of labor |
| 8 | during discovery and motion practice if the two cases are heard by different judges. |
| 9 | *See* C.D. Cal. Local Rule 83-1.3.1. |
| 10 | **A.     The *Fuhr* and *Lee* Complaints**[1] |
| 11 | On September 28, 2007, Relator Steven Fuhr brought this action |
| 12 | against the School on behalf of the United States under the *qui tam* provisions of |
| 13 | the False Claims Act ("FCA"), 31 U.S.C. § 3730 (2008). According to Relator's |
| 14 | Complaint, the School is a for-profit post-secondary educational institution whose |
| 15 | students receive federal financial aid under Title IV of the Higher Education Act, |
| 16 | 20 U.S.C. §§ 1071, *et seq.* ("Title IV"), to assist with their tuition payments. (*Id.* ¶¶ |
| 17 | 5-7). Title IV conditions eligibility to receive federal financial aid funds on the |
| 18 | educational institution's commitment to an incentive compensation ban, which |
| 19 | prohibits the institution from "provid[ing] any commission, bonus, or other |
| 20 | incentive payment based directly or indirectly on success in securing enrollments or |
| 21 | financial aid to any persons or entities engaged in any student recruiting or |
| 22 | admissions activities. . . ." (*Id.* ¶¶ 8-10); 20 U.S.C. § 1094(20). Relator alleges that |
| 23 | the School falsely certified its compliance with the ban in order to receive federal |
| 24 | financial aid funds. (*Id.* ¶¶ 18, 23.). |
| 25 | *Lee*, which was filed on March 26, 2007, similarly alleges that the |
| 26 | School defrauded the federal government into paying out financial aid funds by |
| 27 | ───────────────── |
| 28 | [1] The *Fuhr* and *Lee* Complaints are attached hereto as Exhibits A and B respectively. |

| 7952277.3 | - 1 - | NOTICE OF RELATED CASES<br>- 8:07-CV-01157-AG-CW |
|---|---|---|

1 falsely certifying its compliance with the same incentive compensation ban. (Lee Compl. ¶ 9.)

### B. *Fuhr* and *Lee* Are Related

*Fuhr* is related to *Lee* under all three of the relevant alternative tests for a related case under Local Rule 83-1.3.1.

<u>First</u>, the two cases "arise from the same . . . transaction": the School's receipt of federal financial aid funds based on allegedly false statements regarding its compliance with the incentive compensation ban. Local Rule 83-1.3.1.

<u>Second</u>, the two cases "call for determination of the same or substantially related or similar questions of law and fact." *Id.* 83-1.3.1. The complaints in *Fuhr* and *Lee* allege that the School violated the same provisions of the FCA, namely 31 U.S.C. § 3729(a)(1), (2), and (7), and allege the same material elements of that purported fraud.

In brief, the material elements necessary to prove a claim under these provisions are: (1) a false statement, (2) made with scienter, (3) that was material, causing (4) the government to pay out money (or lose money). *See Hendow v. University of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006); § 3729. Both complaints identify the same allegedly false statement: the School's certification to the government that it complied with the incentive compensation ban. (Fuhr Compl. ¶ 18; Lee Compl. ¶¶ 9, 25.) Both complaints also allege that the School submitted, or caused others to submit, requests for federal financial aid funds in the form of Pell Grants, or payments under various government-insured student loan programs. (Fuhr Compl. ¶¶ 20-21; Lee Compl. ¶¶ 41-43.) In addition, both complaints contain the same scienter allegations, claiming that the School knew that its statements and promises of compliance with the incentive compensation ban were false when made. (Fuhr Compl. ¶¶18, 23; Lee Compl. ¶ 25; *id.* ¶¶ 51, 54, 60). Last, both complaints allege that the purportedly false statements were material to the government's decision to pay out funds because the School's eligibility to

participate in Title IV is conditioned on providing a certification of compliance with the incentive compensation ban. (Fuhr Compl. ¶ 23; *see also id.* ¶¶ 8-12; Lee Compl. ¶ 9; *see also id.* ¶¶ 29-30). Accordingly, the facts and legal arguments under section 3729 of the FCA will largely overlap in these cases.

Third, the cases will likely "entail substantial duplication of labor if heard by different judges." Local Rule 83-1.3.1. Because of the overlap in legal and factual issues, substantive issues likely to be raised in motion practice in these cases will probably be duplicative. Similarly, if the cases progress past the pleadings stage, both actions will require discovery of much the same facts, including, among other things:

- the School's compensation of employees involved in admissions;
- correspondence and other documents that show whether the School was aware that its allegedly false statements were false when made;
- statements made by the School to the government regarding its compensation practices; and
- the types and amount of federal financial aid funds that the School received from the government as a result of its alleged fraud.

Accordingly, *Fuhr* and *Lee* are related.

Respectfully submitted,

DATED: June 11, 2009

MUNGER, TOLLES & OLSON LLP

By:     */s/ Brad D. Brian*
        BRIAN D. BRIAN

Attorneys for Defendant
CORINTHIAN COLLEGES INC.

7952277.3      - 3 -      NOTICE OF RELATED CASES
- 8:07-CV-01157-AG-CW