1  BRAD D. BRIAN (State Bar No. 079001)
   Brad.Brian@mto.com
2  BLANCA F. YOUNG (State Bar No. 217533)
   Blanca.Young@mto.com
3  RICHARD C. CHEN (State Bar No. 270715)
   Richard.Chen@mto.com
4  MUNGER, TOLLES & OLSON LLP
5  355 South Grand Avenue
   Thirty-Fifth Floor
6  Los Angeles, CA  90071-1560
7  Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702
8
   Attorneys for Defendants
9  CORINTHIAN COLLEGES INC., DAVID MOORE,
   JACK D. MASSIMINO

U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. NYOKA LEE and TALALA MSHUJA,<br><br>Plaintiff,<br><br>vs.<br><br>CORINTHIAN COLLEGES INC., et al.<br><br>Defendants. | CASE NO. CV 07-01984 PSG (MANx)<br><br>**DEFENDANTS CORINTHIAN COLLEGES INC., DAVID MOORE, AND JACK D. MASSIMINO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 9(B)**<br><br>Date:    April 2, 2012<br>Time:    1:30 p.m.<br>Place:   Courtroom 880<br>Judge:   Hon. Philip S. Gutierrez |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. Relators Have Not Cured the Defects in the Original Complaint ........2

        1. Relators Do Not and Cannot Explain How the FAC Pleads a Plausible Claim in Light of Its Undisputed Failure to Allege Any Facts About the Minimum Standards.................................................................................2

        2. Relators Mischaracterize the Ninth Circuit's Opinion ...............4

        3. The Law of the Case Doctrine Does Not Apply.........................5

        4. The Safe Harbor Is Not an Affirmative Defense........................6

    B. The FAC Does Not Meet the Specificity Requirements of Rule 9(b).................................................................................................6

    C. The Doctrine of Collateral Estoppel Does Not Rescue Relators' Pre-2005 Claims from Dismissal Under the Statute of Limitations ............................................................................................9

III. CONCLUSION ....................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ebeid ex rel. U.S. v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) ................................................................... 7, 9

*In re Natural Gas Royalties Qui Tam Litigation*,
    2010 U.S. Dist. Lexis 64525 (D. Wyo. May 18, 2010) ........................................ 7

*Martel v. Trilogy Ltd.*
    872 F.2d 322 (9th Cir. 1989) ................................................................... 10

*Oja v. U.S. Army Corps of Engineers*,
    440 F.3d 1122 (9th Cir. 2006) ................................................................. 10

*Quaak v. Dexia, S.A.*,
    445 F. Supp. 2d 130 (D. Mass. 2006) .......................................................... 10

*Reynoso v. United States*,
    2010 WL 147906 (N.D. Cal. Jan. 12, 2010) .................................................... 7

*Silva v. City of Leandro*,
    744 F. Supp. 2d 1036 (N.D. Cal. 2010) ................................................... 3, 7, 9

*U.S. ex rel. Bott v. Silicon Valley Colleges*,
    262 Fed. Appx. 810 (9th Cir. 2008) ........................................................... 11

*U.S. ex rel. Fuhr v. Corinthian Colleges, Inc.*,
    No. 07-cv-1157 AG (CWx) ................................................................. 10, 11

*U.S. ex rel. Grubbs v. Ravikumar Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ................................................................ 7, 8, 9

*U.S. ex rel. Lee v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ............................................................... passim

*U.S. ex rel. Lujan v. Hughes Aircraft Co.*,
    243 F.3d 1181 (9th Cir. 2001) ............................................................. 10, 11

*United States v. Cote*,
    51 F.3d 178 (9th Cir. 1995) ...................................................................... 5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*United States v. Edwards*,
    595 F.3d 1004 (9th Cir. 2010) .......................................................................... 10

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................ 7

*Zuniga v. United Can Co.*,
    812 F.2d 443 (9th Cir. 1987) .............................................................................. 7

**FEDERAL RULES**

Fed. R. Civ. P. 8 ........................................................................................................ 9

Fed. R. Civ. P. 9(b) ......................................................................................... 1, 6, 7, 9

**FEDERAL REGULATIONS**

34 C.F.R. § 668.14(b)(22)(ii)(A) (2010) .................................................................. 6

## I. INTRODUCTION

Relators treat the Ninth Circuit's decision as if it pre-approved their First Amended Complaint ("FAC"), authorizing Relators to take discovery as to all of Corinthian Colleges' ("the School") 100 campuses for time periods not even covered by the original complaint. The Ninth Circuit did no such thing. It found that Relators' original complaint *failed* to state a claim for relief. And while it provided guidance regarding the generic *types* of allegations that *might* be sufficient to state a claim if Relators were to amend their complaint, the Ninth Circuit did not author a new complaint for Relators, and its opinion certainly did not include any of the factual detail necessary for a complaint to satisfy Rules 8 and 9(b).[1] Relators need substantive, specific allegations and cannot circumvent the federal rules merely by lifting buzz words from the Ninth Circuit's opinion and inserting them into the FAC. Even with some hand-holding from the Ninth Circuit, Relators have not come close to stating a plausible claim for relief, let alone with the detail required by Rule 9(b). The FAC should be dismissed with prejudice.

Defendants' motion to dismiss is based on the simple fact that the FAC fails to allege any facts showing that the School paid admissions representatives based solely on the number of students they enrolled. Relators do not dispute that such allegations are necessary to state a claim under the False Claims Act. Nor do they, or can they, dispute that the FAC contains no allegations *whatsoever* about the Minimum Standards of Performance ("Minimum Standards"), which an admissions representative was required to meet to obtain a salary increase under the School's Compensation Program. Absent such allegations, there is no factual basis in the FAC for even inferring that enrollments were the only factor relevant to compensation at the School: even if all of the other prerequisites for a salary increase related exclusively to enrollments, the Minimum Standards still had to be met. Relators' failure to explain the meaning, basis, or practice relating to an

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

express prerequisite for a salary increase under the Compensation Program was precisely what led the Ninth Circuit to hold that the original complaint failed to state a claim, and it compels the dismissal of the FAC as well.

Relators' Opposition Brief entirely ignores this issue, and instead makes a series of farfetched arguments premised on a fundamental misreading of the Ninth Circuit's opinion, on inapposite doctrines like res judicata and law of the case, and on out-of-circuit cases that fail to respond to Defendants' arguments, including the controlling Ninth Circuit precedent cited in the Opening Brief. Relators once again have failed to state a claim, and their lawsuit should be dismissed with prejudice.

## II. ARGUMENT

### A. Relators Have Not Cured the Defects in the Original Complaint

#### 1. Relators Do Not and Cannot Explain How the FAC Pleads a Plausible Claim in Light of Its Undisputed Failure to Allege Any Facts About the Minimum Standards

Contrary to Relators' claim that they did everything the Ninth Circuit prescribed in its opinion, the FAC fails *for the very same reason* as the original complaint. Though Relators trumpet the Ninth Circuit's opinion throughout their brief, they completely ignore its actual holding, which was that the original complaint failed to state a plausible claim because it did not allege "any facts regarding the meaning or basis" of one of the requirements for a salary increase under the Compensation Program attached to the complaint—the requirement that an admissions representative obtain a "Good" or "Excellent" performance rating. *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 994 (9th Cir. 2011). "As a result," the court explained, "while it is certainly *possible* that [the School's] Compensation Program falls outside the Safe Harbor provision (thereby rendering false [the School's] certification of HEA compliance), the Complaint falls short of stating a *plausible* claim for relief." *Id.* (emphasis in original).

The FAC suffers from exactly the same deficiency. Just like obtaining a

1  "Good" or "Excellent" performance rating, achieving all Minimum Standards was
2  an express prerequisite to earning a salary increase under the Compensation
3  Program. And just like the original complaint, the FAC does not allege "any facts
4  regarding the meaning or basis" of the Minimum Standards, thereby failing to make
5  a plausible claim that compensation was based on enrollments alone. Nothing in
6  the FAC suggests (because it cannot) that the Minimum Standards—and salary
7  increases conditioned on meeting those standards—were based exclusively on
8  enrollment numbers rather than on separate and distinct substantive requirements.

9  Relators point to the FAC's allegations about the "Lead-to-Conversion-
10  Ratio" or "L-C Ratio," claiming that these supply the necessary facts to allege a
11  practice inconsistent with the School's written Compensation Program. (Opp. at 7,
12  14-15.) But as discussed in the Opening Brief, those allegations (even if true,
13  which they are not) relate exclusively to the prerequisite of obtaining a "Good" or
14  "Excellent" performance rating and say nothing about the separate requirement that
15  employees satisfy all Minimum Standards. (Mot. at 13-14.)

16  Relators' Opposition Brief offers no response to—and therefore concedes—
17  this complaint-killing argument. *Silva v. City of Leandro*, 744 F. Supp. 2d 1036,
18  1050 (N.D. Cal. 2010) (failure to address argument in opposition brief "implicitly
19  conced[es]" the issue). Relators' only discussion of the Minimum Standards
20  appears at pages 14-15 of the brief, and is limited to an amorphous complaint that
21  "instead of seeking judicial notice of a document showing [the School's] L-C
22  Ratio," the School submitted a document, Exhibit B to the Declaration of Stacey
23  Handley, that describes the eighteen Minimum Standards. Relators claim that the
24  School "is now asking the Court to confine its analysis" to documents outside the
25  pleadings. (Opp. at 14.) That statement is plainly wrong, because the School's
26  motion does not depend on Exhibit B to the Handley Declaration.[2] Whether or not

27  ───────────
[2] In any case, the Court may consider the document under the authorities cited in
28  the Opening Brief, which Relators never even acknowledge, let alone attempt to
address. (*See* Mot. at 13-16.) Similarly, the Court may consider Exhibit A to the

1  the Court considers that document, the FAC itself is wholly devoid of information
2  about the Minimum Standards and therefore fails to state a plausible claim.
3       Notably, Relators do not and cannot argue that the Court may disregard the
4  fact that the Minimum Standards were a requirement for a salary increase under the
5  Compensation Program.  By expressly referencing the Compensation Program in
6  the FAC, Relators have incorporated that document into the FAC, and the Court
7  must consider it on this motion and accept the content of the Compensation
8  Program as true—just as the Ninth Circuit did in dismissing the original complaint.
9  *Lee*, 655 F.3d at 993 & n.4.  Because there is no allegation in the FAC contrary to
10 the Compensation Program's requirement that the Minimum Standards are a
11 prerequisite to a salary increase separate from and in addition to meeting specified
12 enrollment numbers, the FAC fails to state a claim by its own admission.
13      2.    <u>Relators Mischaracterize the Ninth Circuit's Opinion</u>
14      Unable to avoid the Ninth Circuit's holding, Relators resort to
15 mischaracterizing the opinion.  Disingenuously citing a portion of the Ninth
16 Circuit's opinion addressed only to the issue of scienter, Relators assert that the
17 Ninth Circuit found all of the deficiencies in the original complaint to be "minor,"
18 and "explained that Relators would meet their pleading requirement against [the
19 School] by incorporating into an amended complaint the facts already stated in their
20 briefs to the Court."  (Opp. at 5.)  What the Ninth Circuit "explained" was that
21 certain arguments made in Relators' briefs would, "if formally alleged," "support
22 an inference that [the School] *acted with fraudulent intent and did not, in good*
23 *faith, rely upon the Safe Harbor*"—in other words, an inference of *scienter*.  *Lee*,
24 655 F.3d at 997 (emphasis added).  The Ninth Circuit did not state that such
25 allegations would support an inference of a *false claim*.  That distinct element was
26 discussed in an entirely different section of the opinion titled "A False Statement,"

27 Handley Declaration, which shows that "Good" and "Excellent" performance
   ratings were not determined based solely on enrollments, although Defendants'
28 motion also does not depend on this exhibit either.  (*See* Mot. at 13-14.)

- 4 -     REPLY IN SUPPORT OF MOT. TO DISMISS
                    FAC - CV 07-01984 PSG

1  which considered the kind of allegations that might plead a false statement—not
2  one of which appears in the FAC with respect to the Minimum Standards.[3]
3       Relators also desperately seize upon the Ninth Circuit's unremarkable
4  observation that discovery would be required to test an allegation about how the
5  School implemented its written policy, *see Lee*, 655 F.3d at 996 ("It is [the
6  School's] implementation of its policy, rather than the written policy itself, that
7  bears scrutiny under the HEA, and such allegations would require additional
8  discovery"), claiming that this amounted to a "holding" that "the issues presented in
9  the case could not be resolved based on the documents submitted by the
10 Defendants, without discovery into [the School's] actual operations and
11 implementation of its written policies and plans." (Opp. at 6.) Relators have the
12 court's holding backwards. The Ninth Circuit resolved the case without discovery
13 and in the School's favor based on the documented Compensation Program,
14 because Relators failed to allege any facts showing a practice inconsistent with that
15 document. While the Ninth Circuit also held that Relators should have been given
16 leave to amend, it did not preordain that an FAC containing a bald assertion that the
17 School's practices violated the law would survive the pleading stage.

18                  3.     <u>The Law of the Case Doctrine Does Not Apply</u>

19      Relators also make the patently implausible argument that the law of the case
20 doctrine somehow forecloses the School's arguments. It is well established that the
21 law of the case doctrine applies only where the contested legal issue was "actually
22 considered and decided." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).
23 Here, the issue the Ninth Circuit "actually decided" was that Relators' original
24 complaint failed to state a claim, and that leave to amend should have been granted.
25 Although the Ninth Circuit postulated additional allegations that could have
26 supported a valid claim, it did not purport to draft a new complaint for Relators that

---

[3] Of course, a failure to allege a false claim necessarily results in a failure to allege scienter. A person cannot make a representation knowing that it is false, if the representation is in fact true.

- 5 -     REPLY IN SUPPORT OF MOT. TO DISMISS
                               FAC - CV 07-01984 PSG

would satisfy the requirements of Rules 8 and 9(b), and it obviously did not pre-judge any of the allegations in the FAC, which did not even exist at the time.[4] In fact, Relators' failure to follow the Ninth Circuit's guidance speaks volumes about the complete absence of any factual basis for an allegation that the School did not follow its compliant Compensation Program.

### 4. The Safe Harbor Is Not an Affirmative Defense

Recognizing that the FAC fails to plead any conduct by the School falling outside of the Safe Harbor, Relators mischaracterize the Safe Harbor as an "affirmative defense" that they are not required to address in their complaint. (Opp. at 18.) Relators made the same argument to the Ninth Circuit, which disregarded it for the distraction that it is. *See* Appellants' Reply Br., *U.S. ex rel. Lee v. Corinthian Colls., Inc.*, No. 10-55037, at 7 (9th Cir. Aug. 18, 2010) (Dkt. No. 24). Of course the Safe Harbor is not an affirmative defense, because it describes conduct schools can take "without violating" the Higher Education Act. *Lee*, 655 F.3d at 989 (citing 34 C.F.R. § 668.14(b)(22)(ii)(A) (2010)). As Relators acknowledge, an affirmative defense comes into play only "[o]nce the plaintiff or the government has established proof of each element of a [statutory] violation." (Opp. at 18-19.) The Ninth Circuit's opinion plainly requires Relators to plead a violation of the Safe Harbor, which they have failed to do.

### B. The FAC Does Not Meet the Specificity Requirements of Rule 9(b)

Relators also fail to explain how the FAC meets the heightened pleading requirements for fraud under Rule 9(b). Relators' claims implicate a decade's worth of activity at all of the School's 100 campuses, but the FAC speaks only in generalities. Relators do not even attempt to address—and therefore concede—the vagueness problems highlighted in the Opening Brief with respect to the relevant time period and the extent to which they are alleging violations that pre- and post-

---

[4] Relators never submitted a proposed FAC to this Court or the Ninth Circuit.

1  date the operation of the Safe Harbor.  (*See* Mot. at 21.)  *Silva*, 744 F. Supp. 2d at
2  1050.  The FAC plainly fails in this respect to give adequate notice of the
3  "particular misconduct" alleged to constitute fraud.  *Vess v. Ciba-Geigy Corp. USA*,
4  317 F.3d 1097, 1106 (9th Cir. 2003).

5        The FAC is also devoid of detail necessary to support the allegation of a
6  fraudulent scheme pervading every School campus.  Relators fail to address any of
7  the authorities cited in the Opening Brief applying Rule 9(b), including the Ninth
8  Circuit's clear instruction in *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 1000 (9th
9  Cir. 2010) that "a global indictment of [the defendant's] business is not enough."
10 Instead, Relators rely primarily on *In re Natural Gas Royalties Qui Tam Litigation*,
11 2010 U.S. Dist. Lexis 64525 (D. Wyo. May 18, 2010)—an unpublished district
12 court case from Wyoming which Relators erroneously cite as a Tenth Circuit
13 decision—and other out-of-circuit cases holding that a relator need not specifically
14 identify *every* instance of an alleged fraud to satisfy Rule 9(b).  (Opp. at 16-17.)
15 These authorities miss the mark, because Defendants do not argue that the FAC
16 must identify every instance in which an admissions representative was allegedly
17 compensated based solely on enrollments.  Defendants argue, simply, that Relators
18 must make more than the blanket assertion that the alleged fraud took place
19 continually for more than ten years everywhere the School has a campus.[5]

20       In the Ninth Circuit, a corporate-wide fraud can be pled by providing
21 "representative examples" of the alleged fraud, or "particular details of a scheme to
22 submit false claims paired with reliable indicia that lead to a strong inference that
23 claims were actually submitted."  *Ebeid*, 616 F.3d at 998-99 (quoting *U.S. ex rel.*
24 *Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).  *Grubbs*

---

[5] To the extent any of Relators' authorities could be construed as approving of a complaint that makes no more than a generic allegation of nationwide fraud, they would be inconsistent with controlling Ninth Circuit law.  *See Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit . . . ."); *Reynoso v. United States*, 2010 WL 147906, at *1 n.2 (N.D. Cal. Jan. 12, 2010) ("[T]his Court is bound by Ninth Circuit authority and cannot apply out-of-circuit case-law that conflicts with it.").

REPLY IN SUPPORT OF MOT. TO DISMISS
FAC - CV 07-01984 PSG

illustrates the kind of "reliable indicia" that would suffice. In that case, the relator "describe[d] in detail, including the date, place, and participants, the dinner meeting at which two doctors in his section attempted to bring him into the fold of their on-going fraudulent plot." *Grubbs*, 565 F.3d at 191-92. The relator further alleged "specific dates that each doctor falsely claimed to have provided services to patients and often the type of medical service or its Current Procedural Terminology code that would have been used in the bill." *Id.* at 192.

Here, the FAC does not offer even a single example of the alleged fraud, much less sufficient examples that would enable the Court to conclude that widespread fraud occurred at the School's 100 campuses. Likewise, the FAC contains no "reliable indicia" to support a "strong inference" of a false scheme. Setting aside that the details of the alleged scheme are themselves insufficient for the reasons described in section II.A above, the FAC does not include any concrete facts—such as the details of the meeting in *Grubbs* where the alleged plot was discussed—that would enable this Court to infer that the alleged scheme actually existed, much less that it took place on the massive scale Relators claim. Having pinned their case on the School's alleged practices, rather than its generally applicable written policy embodied in the Compensation Program, Relators must allege *facts* to indicate the existence and implementation of a corporate-wide scheme. The FAC's conclusory allegation of a widespread fraud does not suffice.

With respect to the Individual Defendants, the FAC's defects are also glaring. The Ninth Circuit clearly instructed Relators to add "facts [that] could render plausible an inference that one or more of Corinthian's Board of Directors oversaw or actively participated in the alleged fraudulent scheme." *Lee*, 655 F.3d at 998. Relators ignore the instruction to add facts, and instead simply assert in the FAC that Moore and Massimino oversaw the alleged fraud. The Opposition Brief does not even attempt to defend the adequacy of these allegations, but instead argues that it was sufficient for the FAC to allege that "Massimino and Moore

- 8 -  REPLY IN SUPPORT OF MOT. TO DISMISS
FAC - CV 07-01984 PSG

executed the statutorily required Program Participation Agreements and submitted them to the United States Government." (Opp. at 5.) That allegation, of course, says nothing about whether the Individual Defendants participated in the *fraud*, as opposed to performing the entirely innocuous task of transmitting paperwork.

Relators attempt to excuse the lack of detail in the FAC on the ground that "the details of the fraud are peculiarly within the defendants' knowledge and control." (Opp. at 17.) The Ninth Circuit, however, has specifically rejected any suggestion that Rule 9(b) should be relaxed to permit discovery in False Claims Act cases, because the whole purpose of the Act is "to encourage insiders to disclose information necessary to prevent fraud on the government." *Ebeid*, 616 F.3d at 999.

Relators' assertion that there is some sort of "res judicata bar" to the School's Rule 9(b) argument is also specious. (Opp. at 18.) The Ninth Circuit never addressed the heightened pleading requirements of Rule 9(b), because it found that the original complaint did not even meet the basic requirements of Rule 8. Relators were not granted a free ticket to bypass the pleading stage and head straight to discovery on claims spanning more than a decade and covering 100 campuses. On the contrary, Rule 9(b) clearly forbids such "fishing expeditions." *Grubbs*, 565 F.3d at 191.

### C. The Doctrine of Collateral Estoppel Does Not Rescue Relators' Pre-2005 Claims from Dismissal Under the Statute of Limitations

Relators also cannot defend their transparent attempt to vastly expand the temporal scope of this case by alleging, for the first time in the FAC, that the alleged violations occurred prior to 2005. As explained in the Opening Brief, all claims based on pre-2005 conduct are time-barred because more than six years have passed since those alleged violations occurred, and Relators allege no facts to justify tolling the statute of limitations until three years after the material facts were or should have been known. (Mot. at 22-23.) Relators make no attempt to address tolling, thus conceding that the three-year rule is inapplicable. *Silva*, 744 F. Supp.

2d at 1050. And although Relators attempt to argue that the FAC relates back to the original complaint, the case on which they rely, *Martel v. Trilogy Ltd.* 872 F.2d 322, 326 (9th Cir. 1989), does not address whether a complaint expanding the temporal scope of the case can relate back. There are many cases that address that exact question and "refuse to allow relation back when the new allegations go beyond the time-frame of the original complaint." *Quaak v. Dexia, S.A.*, 445 F. Supp. 2d 130, 138 (D. Mass. 2006).[6]

With no basis to invoke tolling or relation back, Relators make a farfetched collateral estoppel argument based on the School's success in obtaining a dismissal of a related case, *U.S. ex rel. Fuhr v. Corinthian Colleges, Inc.*, No. 07-cv-1157 AG (CWx) ("*Fuhr*"), involving similar allegations of unlawful compensation practices at the School during the 2000-2005 time period. *Fuhr* was dismissed under the False Claims Act's first-to-file rule because it alleged the same material elements of fraud asserted in this case. Relators claim that this ruling somehow precludes the School from now arguing that this case is limited to post-2005 conduct.

Tellingly, Relators gloss over the threshold requirement for collateral estoppel—that "the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated." *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (quoting *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000)). Under the first-to-file rule, a complaint must be dismissed if it "alleg[es] the same material elements of fraud" as an earlier-filed suit, even if the allegations "incorporate somewhat different details." *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001). In *Fuhr*, neither the School nor the relator even mentioned the time periods described in the competing complaints in arguing over the scope of the cases, and the court never addressed that issue in

---

[6] Relators' attempt to distinguish *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122 (9th Cir. 2006), by arguing that it is limited to violations of the Privacy Act likewise misses the point. *Oja*'s reasoning that even substantively identical violations do not relate back when they are "distinct in time and place" applies with equal force to alleged False Claims Act violations. *Id.* at 1134.

- 10 - REPLY IN SUPPORT OF MOT. TO DISMISS FAC - CV 07-01984 PSG

deciding that *Fuhr* was barred by the first-to-file rule.

Nor would the issue have mattered even if the parties had raised it, because the first-to-file rule applies to complaints covering different time periods. As the Ninth Circuit explained in declining to apply an "identical" as opposed to "material facts" test, the rule "precludes a subsequent relator's claim that alleges the defendant engaged in the same type of wrongdoing as that claimed in a prior action *even if the allegations cover a different time period.*" *Lujan*, 243 F.3d at 1188 (emphasis added) (quoting *U.S. ex rel. Capella v. United Techs. Corp.*, 1999 WL 464536, at *9 (D. Conn. June 3, 1999)). The temporal scope of Relators' case was never addressed in *Fuhr*, nor was it necessary to the decision in that case.[7]

## III. CONCLUSION

The School seeks only to apply—not to relitigate—the Ninth Circuit's opinion. It is Relators who, having wholly failed to allege "any facts regarding the meaning or basis" of one of the requirements for a salary increase under the Compensation Program, attempt to avoid the Ninth Circuit's clear directive as to what is required to state a *plausible* claim for relief. Relators' failure is especially glaring in light of the Ninth Circuit's effort to spell out different ways in which Relators could allege that requirements in the Compensation Program were based exclusively on enrollments. *See Lee*, 655 F.3d at 994-96. *Not one* of those allegations is made in the FAC with respect to the Minimum Standards. Relators' inability to state a claim despite the substantial guidance offered by the Ninth Circuit demonstrates that they could not do so if given a further opportunity to amend the complaint. For similar reasons, the Ninth Circuit in *U.S. ex rel. Bott v. Silicon Valley Colleges*, 262 Fed. Appx. 810 (9th Cir. 2008), affirmed the dismissal

---

[7] Relators at some points also appear to suggest that collateral estoppel precludes the School from disputing the geographic scope of their claims. (*See, e.g.*, Opp. at 8.) That argument would fail for the same reasons—because application of the first-to-file rule does not depend on the geographic scope of the competing complaints. *See Lujan*, 243 F.3d at 1188 (subsequent claim may be barred "even if the allegations cover a different time period *or location within a company*" (emphasis added) (quoting *Capella*, 1999 WL 464536, at *9).

with prejudice of an amended complaint filed by the same Relators' counsel that, like the FAC here, added some conclusory language but did not include *facts* raising a plausible claim. Relators' misguided attempt to pursue a far-flung fishing expedition in search of support for their summary allegations should be rejected, and the FAC should be dismissed with prejudice.

Respectfully submitted,

DATED: March 19, 2012             MUNGER, TOLLES & OLSON LLP

By: */s/ Blanca F. Young*
       BLANCA F. YOUNG

Attorneys for Defendants
CORINTHIAN COLLEGES INC., DAVID MOORE, JACK D. MASSIMINO