BRAD D. BRIAN (State Bar No. 079001)
Brad.Brian@mto.com
BLANCA F. YOUNG (State Bar No. 217533)
Blanca.Young@mto.com
RICHARD C. CHEN (State Bar No. 270715)
Richard.Chen@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants
CORINTHIAN COLLEGES INC., DAVID MOORE,
JACK D. MASSIMINO

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. NYOKA LEE and TALALA MSHUJA,<br><br>       Plaintiff,<br><br>   vs.<br><br>CORINTHIAN COLLEGES, INC., et al.<br><br>       Defendants. | CASE NO. CV 07-01984 PSG (MANx)<br><br>**DEFENDANTS CORINTHIAN COLLEGES, INC., DAVID MOORE, AND JACK D. MASSIMINO'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Judge:    Hon. Philip S. Gutierrez |

Defendants Corinthian Colleges, Inc. ("CCI" or "the School"), David Moore, and Jack D. Massimino (collectively "the School Defendants"), by and through their undersigned counsel, respond to Relators' First Amended Complaint ("FAC") as follows:

1.      The allegations of paragraph 1 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 1.

2.      The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 2, and on that basis deny such allegations.  The School Defendants admit that Relator Lee: (i) purports to bring this action for herself and for the United States under 31 U.S.C. § 3730(b); (ii) was employed at Bryman College for periods of time from 1999 until 2005; (iii) served as an admissions representative, senior admissions representative, and master admissions representative at the San Francisco campus of Bryman College; and (iv) served as the director of admissions at the Hayward campus of Bryman College in 2004.  Except as expressly admitted, the School Defendants deny the allegations of paragraph 2.

3.      The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 3, and on that basis deny such allegations.  The School Defendants admit that Relator Mshuja: (i) purports to bring this action for himself and for the United States under 31 U.S.C. § 3730(b); and (ii) worked as an independent test proctor at the San Francisco campus of Bryman College from December 2001 to February 2003, at the San Jose campus of Bryman College from January 2004 to July 2005, and at the Fremont campus of the WyoTech School from April 2007 to January 2009.  Except as expressly admitted, the School Defendants deny the allegations of paragraph 3.

4.      The School Defendants admit that: (i) CCI is incorporated in Delaware and has its principal place of business in Santa Ana, California; (ii) the School has

appeared in this action; (iii) the School was founded in 1995; (iv) the School owns the campuses listed in paragraph 4 which, together, comprise approximately 100 campuses total; (v) CCI is publicly traded on the NASDAQ Exchange under the ticker symbol "COCO"; and (vi) the School has received, from the United States government or private lenders, funds pursuant to Title IV of the Higher Education Act.  The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the School "became, at one time, the second largest for-profit college, or 'proprietary' school, in the post-secondary education industry," and on that basis deny such allegation.  The School Defendants understand and believe that the revenues listed in paragraph 4 purport to reflect figures taken from publicly available 10-K filings made by CCI, and refer to the documents themselves for evidence of the complete and accurate contents thereof. Except as expressly admitted, the School Defendants deny the allegations of paragraph 4.

5.      The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5, and on that basis deny such allegations, except that the School Defendants admit that Ernst & Young LLP performed certain auditing services for CCI during the fiscal years 2002 to 2011.

6.      The School Defendants admit that David Moore: (i) served as chairman, president, and chief executive officer of CCI; (ii) was a founding shareholder in CCI; (iii) has appeared in this action; (iv) served on CCI's board of directors; and (v) signed some Program Participation Agreements on behalf of CCI. Except as expressly admitted, the School Defendants deny the allegations of paragraph 6.

7.      The School Defendants admit that Jack D. Massimino: (i) served as chairman, president, and chief executive officer of CCI; (ii) has appeared in this action; (iii) served on CCI's board of directors; and (iv) signed some Program

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

Participation Agreements on behalf of CCI.  Except as expressly admitted, the School Defendants deny the allegations of paragraph 7.

8.   The School Defendants admit the allegations of paragraph 8.

9.   The FAC does not include a paragraph 9.

10.   The allegations in paragraph 10 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 10.

11.   The School Defendants deny the allegations of paragraph 11.

12.   The School Defendants deny the allegations of paragraph 12.

13.   The School Defendants deny the allegations of paragraph 13.

14.   The School Defendants deny the allegations of paragraph 14.

15.   The School Defendants deny the allegations of paragraph 15.

16.   The School Defendants admit that: (i) CCI employed approximately 1,700 admissions representatives in 2009 and approximately 4,600 faculty, of whom approximately 1,460 were full time; and (ii) the faculty were not paid using the compensation program used for paying admissions representatives.  Except as expressly admitted, the School Defendants deny the allegations of paragraph 16.

17.   The School Defendants deny the allegations of paragraph 17.

18.   The School Defendants deny the allegations of paragraph 18.

19.   The School Defendants deny the allegations of paragraph 19, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

20.   The School Defendants deny the allegations of paragraph 20.

21.   The School Defendants deny the allegations of paragraph 21, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

- 3 -

ANSWER TO FIRST AMENDED COMPLAINT - CV 07-01984 PSG

1    22.    The School Defendants deny the allegations of paragraph 22.

2    23.    The School Defendants deny the allegations of paragraph 23.

3    24.    The School Defendants admit that Ernst & Young began serving as an

4    auditor for CCI in 2002.  The remaining allegations of paragraph 24 state legal

5    conclusions to which no response is required.  To the extent a response is required,

6    the School Defendants deny the remaining allegations of paragraph 24.

7    25.    The allegations in the second and third sentences of paragraph 25 state

8    legal conclusions to which no response is required.  To the extent a response is

9    required, the School Defendants deny the allegations in the second and third

10   sentences of paragraph 25.  The School Defendants deny the remaining allegations

11   of paragraph 25, except that the School Defendants lack knowledge or information

12   sufficient to form a belief about the truth of the allegations as they relate to Ernst &

13   Young, and on that basis deny such allegations.

14   26.    The allegations of paragraph 26 state legal conclusions to which no

15   response is required.  To the extent a response is required, the School Defendants

16   deny the allegations of paragraph 26.

17   27.    The allegations of paragraph 27 state legal conclusions to which no

18   response is required.  To the extent a response is required, the School Defendants

19   deny the allegations of paragraph 27.

20   28.    The allegations in the first and fourth sentences of paragraph 28 state

21   legal conclusions to which no response is required.  To the extent a response is

22   required, the School Defendants deny the allegations in the first and fourth

23   sentences of paragraph 28.  The School Defendants deny the remaining allegations

24   of paragraph 28, except that the School Defendants lack knowledge or information

25   sufficient to form a belief about the truth of the allegations as they relate to Ernst &

26   Young, and on that basis deny such allegations.

27

28

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

29.     The allegations of paragraph 29 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 29.

30.     The allegations in the first and second sentences of paragraph 30 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations in the first and second sentences of paragraph 30.  The School Defendants deny the remaining allegations of paragraph 30, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

31.     The School Defendants deny the allegations of paragraph 31, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

32.     The allegations of paragraph 32 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 32.

33.     The allegations of paragraph 33 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 33.

34.     The School Defendants admit the allegations in the first sentence of paragraph 34.  The School Defendants further admit that CCI made certain materially accurate certifications required under Title IV of the Higher Education Act to obtain Title IV funding.  Except as expressly admitted, the School Defendants deny the allegations of paragraph 34.

35.     The School Defendants admit that CCI made certain materially accurate certifications required under Title IV of the Higher Education Act to

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

1    obtain Title IV funding.  Except as expressly admitted, the School Defendants deny
2    the allegations of paragraph 35.

3        36.    The School Defendants understand and believe that the table in
4    paragraph 36 purports to reflect figures taken from publicly available 10-K filings
5    made by CCI, and refer to the documents themselves for evidence of the complete
6    and accurate contents thereof.  Except as expressly admitted, the School Defendants
7    deny the allegations of paragraph 36.

8        37.    The School Defendants deny the allegations of paragraph 37.

9        38.    The School Defendants deny the allegations of paragraph 38.

10       39.    The School Defendants deny the allegations of paragraph 39, except
11   that the School Defendants admit that Relators' original complaint attached a
12   document titled "Corinthian Schools and Rhodes Colleges Adult Admissions
13   Representative Compensation Program, Promotion Guidelines" as Exhibit A, and
14   that this document reflects CCI's compensation program for admissions
15   representatives as of July 6, 2005.

16       40.    The School Defendants deny the allegations of paragraph 40.

17       41.    The School Defendants deny the allegations of paragraph 41.

18       42.    The School Defendants deny the allegations of paragraph 42.

19       43.    The School Defendants deny the allegations of paragraph 43.

20       44.    The School Defendants deny the allegations of paragraph 44.

21       45.    The School Defendants deny the allegations of paragraph 45.

22       46.    The School Defendants deny the allegations of paragraph 46.

23       47.    The School Defendants deny the allegations of paragraph 47.

24       48.    The School Defendants deny the allegations of paragraph 48.

25       49.    The School Defendants deny the allegations of paragraph 49.

26       50.    The School Defendants deny the allegations of paragraph 50.

27       51.    The School Defendants deny the allegations of paragraph 51.

28

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

52.     The School Defendants deny the allegations of paragraph 52, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding student loan default rates and student drop-out rates relative to other schools, and on that basis deny such allegations.

53.     The School Defendants deny the allegations of paragraph 53.

54.     The School Defendants deny the allegations of paragraph 54, except that the School Defendants admit that the School accepted some non-high school graduates who could demonstrate an "ability to benefit" from the program.

55.     The School Defendants deny the allegations of paragraph 55, except that the School Defendants admit that: (i) there were approximately 110,000 students enrolled in CCI-owned schools in 2010; and (ii) there were approximately 60,000 students enrolled in CCI-owned schools in 2006.

56.     The School Defendants deny the allegations of paragraph 56, except that the School Defendants admit that Moore and Massimino signed certain Program Participation Agreements.

57.     The School Defendants deny the allegations of paragraph 57.

58.     The School Defendants deny the allegations of paragraph 58.

59.     The School Defendants deny the allegations of paragraph 59.

60.     The School Defendants deny the allegations of paragraph 60.

61.     The School Defendants deny the allegations of paragraph 61.

62.     The School Defendants deny the allegations of paragraph 62.

63.     The School Defendants deny the allegations of paragraph 63.

64.     To the extent paragraph 64 makes allegations concerning the contents of a document, the School Defendants refer to the document itself for evidence of the complete and accurate contents thereof.  The School Defendants deny the remaining allegations of paragraph 64, except that the School Defendants lack

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

65.     School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 65, and on that basis deny such allegations.

66.     The School Defendants deny the allegations of paragraph 66, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

67.     The School Defendants deny the allegations of paragraph 67, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

68.     The School Defendants deny the allegations of paragraph 68, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

69.     To the extent paragraph 69 makes allegations concerning the contents of a document, the School Defendants refer to the document itself for evidence of the complete and accurate contents thereof.  The School Defendants deny the remaining allegations of paragraph 69, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

70.     To the extent paragraph 70 makes allegations concerning the contents of documents, the School Defendants refer to the documents themselves for evidence of the complete and accurate contents thereof.  The School Defendants deny the remaining allegations of paragraph 70, except that the School Defendants

lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

71.     The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 71, and on that basis deny such allegations.

72.     The School Defendants deny the allegations of paragraph 72, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

73.     The School Defendants deny the allegations of paragraph 73, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

74.     The School Defendants deny the allegations of paragraph 74, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

75.     The allegations in the third sentence of paragraph 75 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations in the third sentence of paragraph 75. The School Defendants deny the remaining allegations of paragraph 75, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

76.     The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 76, and on that basis deny such allegations.

- 9 -

77.     The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.  The remaining allegations of paragraph 77 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the remaining allegations of paragraph 77.

78.     The School Defendants deny the allegations of paragraph 78, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

79.     The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79, and on that basis deny such allegations.

80.     The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 80, and on that basis deny such allegations.

81.     The School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.  The remaining allegations of paragraph 81 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the remaining allegations of paragraph 81.

82.     The allegations in the second and third sentences of paragraph 82 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations in the second and third sentence of paragraph 82.  The School Defendants deny the remaining allegations of paragraph 82, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

83.     The allegations of paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 83, and on that basis deny such allegations.

84.     The allegations of paragraph 84 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 84.

85.     The allegations of paragraph 85 state legal conclusions to which no response is required.  To the extent a response is required, the School Defendants deny the allegations of paragraph 85.

86.     The School Defendants hereby incorporate by reference all paragraphs set forth herein.

87.     The School Defendants deny the allegations of paragraph 87.

88.     The School Defendants deny the allegations of paragraph 88.

89.     The School Defendants deny the allegations of paragraph 89, except that the School Defendants admit that CCI made certain materially accurate certifications required under Title IV of the Higher Education Act to obtain Title IV funding, and that Moore and Massimino signed certain Program Participation Agreements.

90.     The School Defendants deny the allegations of paragraph 90.

91.     The School Defendants deny the allegations of paragraph 91, except that the School Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as they relate to Ernst & Young, and on that basis deny such allegations.

92.     The School Defendants deny the allegations of paragraph 92.

93.     The School Defendants hereby incorporate by reference all paragraphs set forth herein.

94.     The School Defendants deny the allegations of paragraph 94.

- 11 -

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

95.     The School Defendants deny the allegations of paragraph 95.

96.     The School Defendants hereby incorporate by reference all paragraphs set forth herein.

97.     The School Defendants deny the allegations of paragraph 97.

98.     The School Defendants deny the allegations of paragraph 98.

99.     The School Defendants hereby incorporate by reference all paragraphs set forth herein.

100.    The School Defendants deny the allegations of paragraph 100.

101.    The School Defendants deny the allegations of paragraph 101.

102.    Paragraph 102 contains no allegations to which a response is required.

## **DEFENSES**

In addition to the grounds set out in the Answer to the FAC herein, the School Defendants hereby additional allege as follows:

## FIRST DEFENSE TO ALL CLAIMS

The FAC fails to allege facts sufficient to constitute a cause of action or claim upon which relief can be granted.

## SECOND DEFENSE TO ALL CLAIMS

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, for example as set forth in the Court's April 19, 2012 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss.

## THIRD DEFENSE TO ALL CLAIMS

This Court lacks subject matter jurisdiction over the claims in this action.

## FOURTH DEFENSE TO ALL CLAIMS

Plaintiffs' claims are barred because the School Defendants complied with all applicable statutes and with the requirements and regulations of the appropriate regulatory agencies.

## FIFTH DEFENSE TO ALL CLAIMS

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

1  Plaintiffs' claims are barred because the School Defendants acted in the good
2  faith belief that their actions were lawful.

3  <center>SIXTH DEFENSE TO ALL CLAIMS</center>
4  At all relevant times, the School Defendants did not know, nor did they have
5  any reason to know, that any false claims were made, presented, or submitted in
6  violation of the False Claims Act.

7  <center>SEVENTH DEFENSE TO ALL CLAIMS</center>
8  Plaintiffs' claims are barred in whole or part as the School Defendants are
9  not liable for the acts of any other defendant in this action, or the acts of third
10 parties over which they asserted no control.

11 <center>EIGHTH DEFENSE TO ALL CLAIMS</center>
12 Plaintiffs' claims are barred by public policy.

13 <center>NINTH DEFENSE TO ALL CLAIMS</center>
14 Plaintiffs' claims are barred because the School Defendants' actions were
15 privileged, justified, or excused.

16 <center>TENTH DEFENSE TO ALL CLAIMS</center>
17 Plaintiffs' claims are barred by the doctrines of laches, unclean hands,
18 merger, waiver, consent, and/or discharge.

19 <center>ELEVENTH DEFENSE TO ALL CLAIMS</center>
20 Plaintiffs' claims are barred by estoppel, collateral estoppel, judicial estoppel,
21 and/or res judicata.

22 <center>TWELFTH DEFENSE TO ALL CLAIMS</center>
23 Plaintiffs' claims are barred by lack of standing.

24 <center>THIRTEENTH DEFENSE TO ALL CLAIMS</center>
25 The Government and Relators have not suffered any actual injury or
26 damages.

27 <center>FOURTEENTH DEFENSE TO ALL CLAIMS</center>
28 The Government and Relators failed to mitigate their damages, if any.

<center>- 13 -</center>

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

<center>FIFTEENTH DEFENSE TO ALL CLAIMS</center>

Plaintiffs' claims are barred in whole or part because the alleged injuries and damages, if any, were caused by persons and entities for which the School Defendants are not responsible.

<center>SIXTEENTH DEFENSE TO ALL CLAIMS</center>

Plaintiffs' recovery, if any, should be barred or reduced by the contributory or comparative negligence or fault of the Plaintiffs or other parties.

<center>SEVENTEENTH DEFENSE TO ALL CLAIMS</center>

Some or all of Plaintiffs' claims are barred by the doctrine of *in pari delicto* as applied to the Government.

<center>EIGHTEENTH DEFENSE TO ALL CLAIMS</center>

The School Defendants assert the defenses of recoupment and/or set-off.

<center>NINETEENTH DEFENSE TO ALL CLAIMS</center>

Some or all of Plaintiffs' claims are barred by 31 U.S.C. § 3730(e)(4).

<center>TWENTIETH DEFENSE TO ALL CLAIMS</center>

Some or all of Plaintiffs' claims are barred by 31 U.S.C. § 3730(b)(5).

<center>TWENTY-FIRST DEFENSE TO ALL CLAIMS</center>

To the extent Plaintiffs seek exemplary, double, or punitive damages, or any damages or penalties above and beyond actual damages, such recovery would violate Defendant's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

<center>TWENTY-SECOND DEFENSE TO ALL CLAIMS</center>

The School Defendants reserve the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  The School Defendants reserve the right to amend or seek to amend their answer or affirmative defenses.

WHEREFORE, the School Defendants pray for judgment as follows:

> (i)     That Plaintiffs take nothing by their First Amended Complaint;

<center>- 14 -</center>

ANSWER TO FIRST AMENDED
COMPLAINT - CV 07-01984 PSG

1        (ii)    That the First Amended Complaint be dismissed with prejudice;

2        (iii)   For costs, fees, and expenses as may be provided by law; and

3        (iv)   For such other and further relief as the Court deems just and

4        proper.

5                      Respectfully submitted,

6    DATED: May 3, 2012       MUNGER, TOLLES & OLSON LLP

7                 By:   */s/ Blanca F. Young*

8                      BLANCA F. YOUNG

9                 Attorneys for Defendants

10                CORINTHIAN COLLEGES INC., DAVID MOORE, JACK D. MASSIMINO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Robyn E. Bird, declare:

1.      I am over the age of 18 and not a party to the within cause.  I am employed by Munger, Tolles & Olson LLP in the County of San Francisco, State of California.  My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California  94105-2907; my electronic mailing address is: Robyn.Bird@mto.com.

2.      On May 3, 2012, I served a true copy of the attached document entitled: **DEFENDANTS CORINTHIAN COLLEGES, INC., DAVID MOORE, AND JACK D. MASSIMINO'S ANSWER TO FIRST AMENDED COMPLAINT** by placing it in an addressed sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) shown below and placed said envelope(s) in interoffice mail for collection and deposit with the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices; and I also caused it to be delivered electronically through the Court's CM/ECF System to the electronic address show below:

| | |
|---|---|
| Scott D. Levy, Esq. | *Attorney for Plaintiffs* |
| Law Offices of Scott D. Levy PC | |
| 1844 Wheeler Street | |
| Houston, TX 77002 | |
| Telephone:  713.528.5409 | |
| Fax: 713.528.0117 | |
| Email: levy.scott@mac.com | |

3.      I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice

1  mail is deposited with the United States Postal Service with first class postage

2  thereon fully prepaid on the same day it is placed for collection and mailing.

3        I declare that I am employed in the office of a member of the bar of

4  this court at whose direction the service was made.  I declare under penalty of

5  perjury under the laws of the United States of America that the foregoing is true and

6  correct.  Executed on May 3, 2012, at San Francisco, California.

7

8                        */s/Robyn E. Bird*
                         Robyn E. Bird

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
CV 07-01984 PSG