SCOTT D. LEVY
Scott D. Levy & Associates PC
Tex. Bar No. 24000598
1844 Wheeler Street
Houston, Texas  77004
(713) 528-5409 Tel.
(713) 528-0117 Fax
levy.scott@mac.com

Attorney for Relators
NYOKA JUNE LEE AND TALALA MSHUJA

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. NYOKA LEE and TALALA MSHUJA, <br><br> Plaintiff, <br><br> v. <br><br> CORINTHIAN COLLEGES INC., DAVID MOORE, JACK MASSIMINO, AND ERNST & YOUNG LLP, <br><br> Defendants. | CASE NO. CV 07-01984 PSG (MANx) <br><br> **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITIONS AND WRITTEN DISCOVERY** <br><br> Date:  February 11, 2013 <br> Time: 1:30 p.m. <br> Place:  Courtroom 880 <br> Judge: Hon. Philip S. Gutierrez |

Pursuant to Federal Rule of Civil Procedure 26(c)(1),

Plaintiff Relators move for a protective order to shield against discovery

into their attorney-client communications and work product by and

between 1) Relators' counsel and Relators; 2) Relators' counsel and other counsel not retained; 3) the U.S. Department of Justice and Relators' counsel; 4) the Offices of the Attorneys General for the States of New York, Florida, Illinois, and Kentucky, and Relators' counsel.

The Court granted Defendants' request for written discovery from the Relators, and for expedited depositions of the Relators before December 21, 2012 (Docket 131). Defendants argued they should be able to depose the Relators before Relators had the benefit of any discovery, and that the depositions would be for all purposes. Relators argued against such one-sided discovery. The Court ordered the one-sided discovery as Defendants requested. Relators timely filed their objections and responses to Defendants' respective written discovery requests on December 10, 2012. Defendants now seek to use their requests for privilege documents as a pretext to keep the depositions they noticed "open" because they are unable to adequately prepare after the Court granted the timetable requested by Defendants.

Depositions Noticed For December 17-18

Pursuant to the Court's Scheduling Order (Doc. 131), the Defendants Corinthian Colleges, David Moore and Jack Massimino

noticed the depositions of Relators for December 17-18, 2012. Notices of Depositions attached and incorporated as Exhibits 1 and 2. Defendants Ernst & Young filed cross-notices of deposition. E&Y's Cross-Notices of Deposition attached and incorporated as Exhibits 3 and 4. Counsel for Defendant Corinthian have notified Relators' counsel that they intend to question Relators about communications between Relators and the United States, and to further question Relators about their communications with legal counsel. Relators seek an order from the Court preventing Defendants examining Relators about communications that are protected by the attorney-client privilege, and work product doctrine is in bad faith, and in a manner to annoy, embarrass, or oppress the deponents.

<u>Written Discovery</u>

Defendants have requested information that is privileged and exempt from discovery. A party is entitled to an evidentiary hearing before the Court can order disclosure of material protected by the attorney-client privilege and work-product doctrine. Consideration of all evidence is necessary because the evidentiary value of the movant's evidence cannot be properly evaluated without considering the evidence offered by the privilege holder, and the district court erred

in failing to examine the record as a whole." *Holmes v. South Carolina*, 126 S.Ct. 1727, 1734-35 (2006).

Several categories of communication and information are protected by the Federal False Claims Act, 31, U.S.C. §§ 3729 – 3733, the attorney-client privilege, the work-product doctrine, by the common interest privilege shared between Relator, plaintiff the United States, and States, and/or by the governmental investigative and/or deliberative privileges.  Said protective order should further include investigation and interview of witnesses by Relators' counsel.

EXTRAORDINARILY OVERBROAD DISCOVERY REQUESTS

Defendants have requested production of "ALL DOCUMENTS CONCERNING" lawsuits against Corinthian Colleges and *any other for-profit school*; "ALL DOCUMENTS CONCERNING" Congressional hearings, audits, newspaper articles, and/or General Accounting Office reports about Corinthian Colleges and *any other for-profit school*; and, "ALL DOCUMENTS CONCERNING" newspaper articles about Corinthian Colleges and *any other for-profit school*.[1]  Any lawsuits,

---

[1]   E&Y has similar extremely overbroad requests for production of "ALL DOCUMENTS CONCERNING" lawsuits against E&Y *or any other auditor* of a for-profit education company; "ALL DOCUMENTS CONCERNING" Congressional hearings, audits, newspaper articles, and/or General Accounting Office reports about E&Y or *any other auditor* of a for-profit education company; and "ALL

Congressional hearings, and/or newspaper articles about Corinthian are

information peculiarly within the possession and control of Corinthian

Colleges, Inc. and its legal counsel. These Requests are outrageously

overbroad, beyond any sense of reason, unduly burdensome, and made

for the purpose of annoying and harassing Relators.   There is good

cause to enter a protective order.


Defendants propounded the following requests for

production and interrogatories on Relators pursuant to the Court's

order to proceed with so-called "Phase 1" discovery relating to "public

disclosure" of the allegations and transactions contained in this lawsuit:

Defendants Corinthian Colleges Inc., David Moore And Jack D. Massimino's Request For Production of Documents To Relator Nyoka Lee - Set One, dated November 9, 2012 (28 items), attached and incorporated hereto as Exhibit 5;

Defendants Corinthian Colleges Inc., David Moore And Jack D. Massimino's Request For Production of Documents To Relator Talala Mshuja - Set One, dated November 9, 2012 (28 items), attached and incorporated hereto as Exhibit 6;

 Defendants Corinthian Colleges Inc., David Moore And Jack D. Massimino's Interrogatories To Relator Nyoka - Set One, dated November 9, 2012 (7 items), attached and incorporated hereto as Exhibit 7:

---

DOCUMENTS CONCERNING" newspaper articles about E&Y or *any other auditor* of a for-profit education company.  *See* E&Y Requests For Production Nos. 21-24.

Defendants Corinthian Colleges Inc., David Moore And Jack D. Massimino's Interrogatories To Relator Talala Mshuja - Set One, dated November 9, 2012 (7 items), attached and incorporated hereto as Exhibit 8;

Defendant Ernst & Young LLP's Request For Production Of Documents To Relator Nyoka Lee – Set One, dated November 15, 2012 (28 items), attached and incorporated hereto as Exhibit 9;

Defendant Ernst & Young LLP's Request For Production Of Documents To Relator Talala Mshuja – Set One, dated November 15, 2012 (28 items), attached and incorporated hereto as Exhibit 10;

Defendant Ernst & Young LLP's Interrogatories To Relator Nyoka Lee – Set One, dated November 15, 2012 (7 items), attached and incorporated hereto as Exhibit 11;

Defendant Ernst & Young LLP's Interrogatories To Relator Talala Mshuja – Set One, dated November 15, 2012 (7 items), attached and incorporated hereto as Exhibit 12.

Defendants request production of the communications between counsel Relators and the U.S. Department of Justice, including but not limited to:

*      Relators' "Confidential & Privileged Disclosure Statement" pursuant to 31 U.S.C. § 3730(b)(2);

*      all communications with the United States prior to filing the original complaint, prior to filing the amended complaint, and after filing the amended complaint, respectively;

*      all communications with the United States concerning claims against Ernst & Young LLP;

\*      all communications with the United States concerning claims against Defendants Corinthian Colleges Inc., David Moore And Jack D. Massimino.

Defendants, moreover, seek communications between Relators' counsel and any attorney who *has not* been retained, and/or after an attorney terminated representation.

## ARGUMENT

DISCLOSURE STATEMENT

### 1      The Real Party-in-Interest in a *Qui Tam* Case is the Government

An action under the False Claims Act may be commenced in two ways.  First, the Attorney General may bring a civil action. *See* 31 U.S.C. § 3730(a).  Second, "a person," called a relator, may bring a civil action. *See* 31 U.S.C. § 3730(b)(1). This private action by a relator is called a "qui *tam"* suit.  By statute, when a relator files a *qui tam* action under the False Claims Act, the suit is both "for the person and for the United States Government," and "shall be brought in the name of the Government." *Id.*

When a relator files a *qui tam* suit, she is required to file a complaint under seal, and to serve on the Government "[a] copy of the

complaint and written disclosure of substantially all material evidence and information the person possesses." 31 U.S.C. § 3730(b)(2).  The "written disclosure" referenced in the statute, often called a disclosure statement, provides the Government with the facts and legal theories on which the relator's complaint is based, so that the Government can conduct an investigation of the relator's allegations.  Under the *qui tam* provisions of the False Claims Act the U.S. Government is the real party in interest, and the Government's status as the real party establishes the framework within which communications between the relator's counsel and the Government should be viewed.  The False Claims Act provides a remedy for injury to the Government, and thus, the claims belong to the Government, and not the relator.  *U.S. ex rel. Stoner v. Santa Clara County Office of Educ.,* 502 F.3d 1116, 1126-1127 (9th Cir. 2007).  The FCA creates a statutory exception to the general rule regarding standing to sue by allowing certain private parties to sue on behalf of the government.  *United States ex rel. Weinberger v. Equifax, Inc., 557 F.2d 456, 460 (5th Cir. 1977), cert. denied, 434 U.S. 1035, 54 L. Ed. 2d 782, 98 S. Ct. 768 (1978).*  In passing the FCA, Congress conferred standing on *qui tam* plaintiffs and assigned a portion of the government's cause of action to the relator. *United States ex rel. Stillwell v. Hughes Helicopters,*

*Inc.,* 714 F. Supp. 1084, 1098 (C.D. Cal. 1989). The recovery obtained in the *qui tam* action belongs to the United States, even when the Government declines to intervene in the prosecution of the case.

At the time the complaint is filed, only the relator and the Government are aware of its existence – certainly, the defendant is not aware that a *qui tam* suit has been filed.

If the United States elects to proceed, it assumes primary responsibility for conducting the litigation. *See* 31 U.S.C. § 3730(b)(4)(A). When the Government declines to proceed with the case, the relator is allowed to conduct the action on her own under monitoring by the Government. *See* 31 U.S.C. § 3730(c)(3). The Act permits the Government to intervene at a later date upon a showing of good cause. *Id.*

The Central District of California has adopted "a bright-line rule precluding discovery of all portions of disclosure statements or drafts thereof" in False Claims Act cases.

> If the purpose of the disclosure requirement – to place in the hands of the government information from which it can promptly and efficiently make a sound determination about whether to intervene – is to be promoted, it is necessary that relators' [sic] be able to predict with a high level of

confidence *ex ante* whether material contained in disclosure statements will have to be turned over to defendants. An *ex post* test, the outcome of which cannot be predicted with a high level of confidence *ex ante,* is undesirable because if there is uncertainty about the matter, then relators' [sic] may skimp on the contents of disclosure statements, thereby lessening their value as a screening tool for the government.

Therefore, leaving open the question whether disclosure statements – or particular sentences contained therein – must be turned over to a qui tam defendant will tend to defeat the goals of section 3730(b)(2). Accordingly, the statutory purpose of the disclosure requirement is best promoted by a bright-line rule precluding discovery of all portions of disclosure statements or drafts thereof.

*U.S. ex rel. Bagley v. TRW Inc.,* 212 F.R.D. 554, 557-558 (C.D. Cal. 2003).

*Bagley*, moreover, explicitly rejected the argument that production of the disclosure statement should be allowed when defendants challenge the relator's standing.

To the extent that defendant argues that discovery of the disclosure statements should be allowed to enable a defendant to challenge a relator's standing, that argument is rejected. First, defendant does not argue that any bar enumerated in section 3730(e) applies to this case. Second, defendant has cited no controlling authority to support its position, and the court is not aware of any. *Third, the relator's disclosure obligations 'inures to the benefit of the government' not to the benefit of defendant.*

*Bagley, id.*, at p. 558 (emphasis added). By statute, all disclosure statements are necessarily "prepared in anticipation of litigation," as

10

they are drafted and served on the Government with a copy of the relator's complaint, for the purpose of assisting the Government in deciding whether to intervene in the relator's suit. *See* 31 U.S.C. § 3730(b)(2); *see also U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC, et al.,* No. 00-CV-737, 2004 WL 868271, at *1, 2 (E.D. Pa. Apr. 21, 2004) (declaring that "there is no question that the Disclosure Statements were prepared 'in anticipation of litigation' insofar as they were drafted by Relators' attorneys *after* the drafting of Relators' complaints and, as previously explained, they were submitted to the government pursuant to the False Claims Act for the purpose of allowing the government to determine whether it should intervene in the case") (emphasis in original); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.,* 918 F. Supp. 1338, 1346 (E.D. Mo. 1996) (holding that disclosure statements are work product because "[t]he plain language of the FCA requires the relator to produce the document 'in anticipation of litigation'"). Accordingly, the same rationale applies to other documents that reflect subsequent communications between the relator and the Government. Relator's subsequent communications and correspondence with the Government are protected as "documents and tangible things … prepared in anticipation of litigation or for trial by or for another party

or by or for that other party's representative ..." Federal Rule of Civil

Procedure 26(b)(3); *see also In re: Cendant Corp. Secs. Litig.,* 343 F.3d

658, 662 (3d. Cir. 2003). The U.S. Supreme Court broadly defined the

multiple aspects of the work-product doctrine in *Hickman v. Taylor*, 329

U.S. 495 (1947), including "interviews, statements, memoranda,

correspondence, briefs, mental impressions… ."

### 2    Common Interest Privilege

Relators communications with the United States are also

covered by the common interest privilege. The "common interest

privilege" is often referred to as the "community of interest privilege,"

the "joint defense privilege," and the "joint prosecutorial privilege," and

those terms are used interchangeably throughout this brief. However,

we recognize the distinction between the common interest privilege and

the "co-client/joint-client privilege" and will not rely on cases discussing

that privilege. *See In re Teleglobe Commc'ns Corp.,* 493 F.3d 345, 362-

363 (3d. Cir. 2007). "The common interest doctrine is an exception to

the general rule that the attorney-client privilege is waived upon

disclosure of privileged information to a third party. Where parties with

'shared interest in actual or potential litigation against a common

adversary' share privileged information pursuant to this shared goal,

12

the common interest doctrine preserves the attorney-client privilege with respect to that information." *See Miron v. BDO Seidman, LLP,* No. Civ.A. 04-968, 2004 WL 3741931, at *1, 2 (E.D. Pa. 2004). *See In re Teleglobe Commc'ns Corp.,* 493 F.3d at 364 ("the community-of-interest privilege allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others").

Relators and the governments share a joint prosecution privilege which protects the documents from disclosure to Defendants. Analysis of issues of waiver of the work-product protection must focus on whether the disclosures in issue increased the likelihood that a current or potential opponent in the litigation would gain access to the documents in question. *Bank of the West v. Valley National Bank*, 132 F.R.D. 250, 262 (N.D. Cal. 1990). The privilege, originally called the "joint defense privilege," protects communications between and individual and an attorney for another when the communications are part of an on-going and joint effort to set up a common defense strategy. The privilege applies equally to cooperating plaintiffs. *Sedalcek v. Morgan Whitney Trading Group*, 795 F. Supp. 329, 331 (C.D. Cal. 1992). To

establish the existence of a joint defense privilege, the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the joint defense effort, and (3) the privilege has not been waived. *Waller v. Financial Corp. of America*, 828 F.2d 579 (9th Cir. 1987).

## 3    State Attorneys General

Defendants' broad requests for production encompasses communications between the Offices of the Attorneys General for the States of New York, Florida, Illinois, and Kentucky, and Relators' counsel. These documents are protected from disclosure to the defendants by the common interest privilege. The work product protection afforded the communications with the Offices of the Attorneys General for the States of New York, Florida, Illinois, and Kentucky, and Relators' counsel share a common interests against the Defendants.

## 4    Conference Between Counsel

A telephone conference was held between counsel for Defendant Corinthian Colleges and Relators' counsel on the 12th day of

December 2012. Defendants refused to withdraw their demand for the privileged communications. A letter from Relators' counsel summarizing their position is attached as Exhibit 13.

## 5      Request For Relief

For these reasons, the Relators ask the Court to set their motion for protective order for hearing and, after the hearing, to issue an order against all Defendants protecting Relators from discovery relating to their communications with the United States Government, regardless of date; from all discovery relating to their communications with legal counsel, regardless of date; and from all discovery relating to the respective Requests For Production Nos. 21-24.

Dated:      December 12, 2012      Respectfully submitted:

LEVY & ASSOCIATES PC

By:   _____// SDL //_____

SCOTT D. LEVY
Attorney for Relators Nyoka June Lee
and Talala Mshuja

# **EXHIBIT LIST**

1      COCO Notice of Deposition of Nyoka Lee

2      COCO Notice of Deposition of Talala Mshuja

3      EY Cross-Notice of Deposition of Nyoka Lee

4      EY Cross-Notice of Deposition of Talala Mshuja

5      COCO Request For Production to Nyoka Lee

6      COCO Request For Production to Talala Mshuja

7      COCO Interrogatories to Nyoka Lee

8      COCO Interrogatories to Talala Mshuja

9      EY Request For Production to Nyoka Lee

10     EY Request For Production to Talala Mshuja

11     EY Interrogatories to Nyoka Lee

12     EY Interrogatories to Talala Mshuja

13     Relators' counsel Meet & Confer Letter