SCOTT D. LEVY
Scott D. Levy & Associates PC
Tex. Bar No. 24000598
1844 Wheeler Street
Houston, Texas  77004
(713) 528-5409 Tel.
(713) 528-0117 Fax
levy.scott@mac.com

Attorney for Relators
NYOKA JUNE LEE AND TALALA MSHUJA

U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. NYOKA LEE and TALALA MSHUJA,<br><br>Plaintiff,<br><br>v.<br><br>CORINTHIAN COLLEGES INC., DAVID MOORE, JACK MASSIMINO, AND ERNST & YOUNG LLP,<br><br>Defendants. | CASE NO. CV 07-01984 PSG (MANx)<br><br>**RELATORS' EX PARTE APPLICATION FOR STAY OF PROCEEDINGS TO ADDRESS THREATS OF RETALIATION BY DEFENSE COUNSEL; AND APPLICATION FOR CONTINUANCE UNDER RULE 56(D) TO OBTAIN DISCOVERY TO RESPOND TO MOTIONS TO DISMISS UNDER RULE 12(B)(1) FILED BY CORINTHIAN COLLEGES, ET AL., AND BY ERNST & YOUNG LLP (DOC. 150 & 154)**<br><br>Place:  Courtroom 880<br>Judge: Hon. Philip S. Gutierrez |

## I. THREATS BY DEFENDANTS

Relators seek an immediate stay of all proceedings for up to ninety (90) days in order for the Court to remedy the misconduct described herein. First, the Relators request the Court to resolve the discrepancy in the December 17, 2012 deposition transcript of Relator Nyoka Lee, and to address the ongoing threats of retaliation made by Blanca F. Young to the Relators and their legal counsel. Defense counsel Blanca F. Young, and William Calhoun, Deputy General Counsel of Corinthian Colleges, Inc., each threatened to file suit against Relator Nyoka June Lee when her deposition concluded on December 17, 2012 after 7:00 p.m. Ms. Lee is a 69 year-old former recruiter at Corinthian Colleges, Inc.'s San Jose, San Francisco, and Hayward campuses.[1] The threat of suit was made in direct response to Relator's production into evidence at Ms. Lee's deposition of a

---

[1] The threat of retaliation capped off a full day of abuse toward the Relators by Blanca F. Young. Ms. Lee resides near San Francisco, and Mr. Mshuja resides in San Jose. The depositions of Relators were noticed and held in Orange County, even though all defense counsel had to fly from San Francisco to Orange County. Relators made a request to move the deposition to defense counsel's office in San Francisco, but the request was refused because the "parties" wanted to attend. No party attended, and although Deputy General Counsel William Calhoun was present the first day, he attended only briefly on the second day. Defense counsel refused to provide a break-out room from counsel and two Relators, even though Defendant occupied 10 floors in the building. The depositions went past 7:00 p.m. for witnesses 69 and 71 years old. It was an unnecessary inconvenience for the Relators and for all attorneys, arranged for the purpose of needlessly increasing the cost for Relators and their counsel.

1  letter from U.S. Senator Frank Lautenberg, *et al.*[2] to the U.S. Secretary of
2  Education, Honorable Arne Duncan, dated December 12, 2012, calling for
3  an immediate investigation into Corinthian Colleges, Inc. in particular
4  among other for-profit education companies for falsifying their reported
5  student loan default rates and defrauding the United States' Title IV student
6  financial aid programs. The threat of suit directly to Ms. Lee, and indirectly
7  to her brother, Mr. Talala Mshuja, the 71 year-old co-Relator in the lawsuit,
8  was made to obstruct, impede and hinder the Relators from providing their
9  critical evidence to the U.S. Government investigation about to be opened
10 against Corinthian Colleges, Inc.

11         Remarkably, the statements by Deputy General Counsel
12 William Calhoun were inexplicably scrubbed from the court reporter's
13 transcript. Relators have issued a subpoena for a copy of the audiotape of
14 Ms. Lee's deposition in order to get an exact quote of the threats made by
15 William Calhoun to Ms. Lee and Mr. Mshuja, and determine if Blanca F.
16 Young or anyone else influenced the reporter's decision to exclude his
17 statements from the transcript of Ms. Lee's deposition.[3] Relators' counsel

---

[2] The signatories to the December 12, 2012 Letter were Senator Frank R. Lautenberg (D. NJ), Senator Richard Durbin (D. IL), Senator Richard Blumenthal (D. IN), Senator Tom Harkin (D. IA), Senator Jay D. Rockefeller IV (D. WV), Senator Al Franken (D. MN), Senator Jack Reed (D. RI), and Senator Barbara Boxer (D. CA). The Letter is attached and incorporated hereto as Exhibit 1.
[3] Subpoena to court reporter is attached as Exhibit 2.

previously notified the court reporter of this discrepancy in the transcript. The reporter disavowed any record of the missing statements made by Corinthian's Deputy General Counsel, William Calhoun.[4] The subpoena seeks the audiotape and the LIVENOTE or other real time version of the transcript of Ms. Lee's deposition. A copy of all correspondence between the court reporter and defense counsel is included in the subpoena.

The threats were documented in a letter dated December 27, 2012 from the Relators, attached.[5]

## II. DEFENDANT'S MISREPRESENTATIONS TO THE COURT

Ms. Lee produced extensive corporate records of Corinthian's use of the Lead-to-Conversion Ratios to grade school recruiters based on the percentage of student leads enrolled, evidence never before known about. The Lead-to-Conversion Ratio records disclosed by Relator Nyoka Lee are devastating to Defendants' case, and they have engaged in misconduct to keep the records out of the hands of government investigators. In particular, Blanca F. Young filed an Application To File Under Seal Certain Exhibits To Declaration of Achyut J. Phadke in order to block the release of the

---

[4] Email exchange about missing statements of William Calhoun occurring on Jan. 4-5, 2013 between Scott D. Levy and court reporter Kimberly Reichert is attached as Exhibit 3.

[5] *See* Letter to U.S. Senator Frank Lautenberg *et al* regarding threats by Blanca F. Young and William Calhoun to Relators Nyoka Lee and Talala Mshuja dated December 27, 2012 attached as Exhibit 4.

4

1  *exhibits* to Ms. Lee's December 17, 2012 deposition. (Doc. 165). The Court
2  accepted the representations made by defense counsel, and granted the
3  Application to File Under Seal. (Doc. 166). Blanca F. Young concealed
4  from the Court the highly material fact that the Illinois Attorney General
5  issued a subpoena for all whistleblower depositions related to Corinthian
6  Colleges and all *exhibits* to the depositions. The original subpoena from the
7  Attorney General for the State of Illinois issued a subpoena to Relators'
8  counsel Scott Levy on January 3, 2013.[6] The amended subpoena was issued
9  on January 9, 2013 seeking all whistleblower deposition transcripts related
10 to Corinthian Colleges, Inc. and all related exhibits.[7] Blanca F. Young and
11 Achyut J. Phadke both misled the Court by omission, concealing the fact of
12 the outstanding subpoena issued to Relators' counsel by the Illinois Attorney
13 General for the very deposition exhibits that are the subject of the
14 Application For Seal filed with the Court. Blanca F. Young signed the
15 Application For Seal. The Declaration itself was signed by Achyut J.
16 Phadke under penalty of perjury.[8] The Order granting the Application to file

---

[6] January 3, 2013 Subpoena from Illinois Attorney General is attached as Exhibit 5.
[7] January 9, 2013 Subpoena from Illinois Attorney General is attached as Exhibit 6.
[8] 18 U.S.C. § 1621, defined as willfully subscribing as true a material matter which he did not believe to be true.

the Declaration of Achyut J. Phadke under seal should be rescinded immediately.[9]

The background of the subpoena to Relators' counsel will shed light on Blanca F. Young's ploy. The U.S. Senate Committee on the Judiciary, Subcommittee on Administrative Oversight And The Courts, held hearings on March 20, 2012 concerning "The Looming Student Debt Crisis: Providing Fairness For Struggling Students". Illinois Attorney General Lisa Madigan testified that her office, together with Kentucky Attorney General Jack Conway, were leading an investigation into fraud and abuse by the for-profit education industry on behalf of a coalition of twenty-three (23) States.[10] [11] Pursuant to this multi-state investigation, the Illinois Attorney General issued a subpoena to Corinthian Colleges, Inc. requesting documentation of the school's recruiter compensation practices. In response to such subpoena, Corinthian Colleges, Inc. filed suit against the Illinois Attorney General asserting that Corinthian Colleges, Inc.'s recruiter

---

[9] The Application should have been denied in the first instance on the procedural ground that Defendants circumvented Local Rule 37.
[10] Testimony of Illinois Attorney General Lisa Madigan before the Senate Committee on the Judiciary on March 20, 2012 is attached as Exhibit 7.
[11] Testimony of Kentucky Attorney General Jack Conway before the Senate Committee on the Judiciary on March 20, 2012 is attached as Exhibit 8.

1  compensation practices constituted confidential trade secrets.[12]  Attorney
2  General Madigan seeks to determine whether Corinthian Colleges, Inc.
3  withheld and concealed the documents requested in her subpoena to the
4  Company.  The *CSi Regional Activity Reports* produced by Relator Nyoka
5  Lee showed that the Burr Ridge, Chicago and Skokie, Illinois campuses of
6  Corinthian Colleges received the weekly *Ad Rep Performance Flash*
7  reports.[13]  Despite the agreement of Illinois Attorney General to keep any
8  proprietary information about Corinthian Colleges, Inc.'s recruiter
9  compensation practices confidential so long as the practices are legal, Blanca
10 F. Young engaged in a charade on this Court in order to obstruct the release
11 of the damaging documents showing the practices engaged in by Corinthian
12 Colleges, Inc. at its Illinois campuses. Ms. Young's actions seek to use this
13 Court's Order to withhold evidence from the Illinois Attorney General,
14 hiding behind this Court's seal order as justification, while never informing
15 the Court of the ramifications of the order (Doc. 166).[14]  Blanca F. Young

---

[12] *Corinthian Colleges, Inc. v. Illinois Attorney General Lisa Madigan in her official capacity*, No. 12 CH 23872, Circuit Court of Cook County, Illinois, County Department, Chancery Division, attached as Exhibit 9.

[13] The *CSi Regional Activity Reports* show the campuses that make the list of top recruiters.  Ms. Lee's testimony is that *all* campuses of the Company operate in identical fashion, so Corinthian's concealment in response to the Illinois AG subpoena extends to all of the Illinois campuses.

[14] Regarding the subpoena from the Illinois Attorney General to Corinthian Colleges, the California Rules of Ethics prohibit a member from suppressing evidence a member has a legal obligation to produce. Rule 5-220.  The omission in the

has engaged in various acts deception to obstruct the release of Ms. Lee's deposition exhibits, including making Application To File Under Seal Certain Exhibits To Declaration Of Achyut J. Phadke (Doc. 165).

Blanca F. Young and Achyut J. Phadke should each be sanctioned for misrepresenting to the Court, and blocking the investigation of the Illinois Attorney General. Munger, Tolles & Olson LLP should be instructed to notify the Illinois Attorney General explaining these events, and copy of the notice should be placed in the permanent record of the U.S. Senate Committee on the Judiciary, Subcommittee on Administrative Oversight And The Courts overseeing the investigation into The Looming Student Debt Crisis: Providing Fairness For Struggling Students.

### III. THREATS BY DEFENDANTS TO CASE COUNSEL

Blanca F. Young made a written formal threat to sue Shayne Stevenson and his law firm, Hagans, Berman Sobol Shapiro LLP ("Hagans Berman") as soon as the firm sent notice to Ms. Young that Hagans Berman intended to enroll as lead counsel for Relators. On Sunday, January 13, 2013, Blanca F. Young sent an email to Shayne Stevenson and Hagans,

---

Application to File Under Seal concealing from the Court the outstanding subpoena from the Illinois Attorney General to Relators' counsel violates Rule 5-200(B), a member shall not mislead the judge by an artifice or false statement of fact or law.

Berman, which threatened retaliation if Mr. Stevenson and Hagans Berman became counsel for Relators.[15]

Defendant Ernst & Young LLP, moreover, has joined in the threats made by Corinthian Colleges, Inc., continuing the pattern of Ernst & Young LLP's former counsel, Gibson Dunn. Together both of the Defendants are using their motions to dismiss, ostensibly on jurisdictional grounds, to mount a coordinated attack on the Relators in order to suppress the Lead-to-Conversion recruiter compensation records provided by Ms. Lee. The Ninth Circuit decision on Ernst & Young's liability is the first published opinion anywhere to address an auditor's duty to disclose Higher Education Act-related liabilities in a for-profit school's financial statements. Without any supporting authority whatsoever -- published or unpublished -- Ernst & Young continues to intimidate Relators, a prohibited procedural maneuver, in an attempt to avoid the factual dispute clearly framed by the Ninth Circuit opinion, namely E&Y's duty to report HEA-related liabilities.[16]

---

[15] The January 13, 2013 email from Blanca Young to Shayne Stevenson is attached and incorporated hereto as Exhibit 10.

[16] Ernst & Young LLP's prior letters threatening retaliation against Relators and legal counsel dated October 1, 2009 and September 16, 2011 are attached as Exhibits 11 and 12.

An immediate stay is required because Defendants' conduct has now disrupted the attorney-client relationship.[17] The Ninth Circuit gives fundamental due process rights to defend against attacks on the attorney-client relationship, including a full hearing on the issue, with the right to present "countervailing evidence." *UMG Recording, Inc. v. Bertelsmann AG*, 479 F.3d 1078, 1092 (9th Cir. 2007). *Bertelsmann AG* addressed the unique procedural obstacles that attacks on the attorney-client relationship create. The Court is required under 28 U.S.C. § 1927 to exercise its inherent authority to rectify this problem.

Blanca F. Young's threat against Shayne Stevenson, however, has now interfered with a third-party law firm taking over the prosecution of Relators' claims, and violates the most basic anti-retaliation protections accorded to whistleblowers. Blanca F. Young and Munger, Tolles & Olson LLP's bullying tactics against these two vulnerable whistleblowers are made for the purpose of suppressing evidence, and has crossed the line from the merely unethical. These above described acts of intimidation and retaliation violate Rules 11, 26 and 37, Fed. R. Civ. P., and under 28 U.S.C. § 1927.

---

[17] Both Corinthian Colleges, Inc. and Ernst & Young LLP sent letters threatening Relators and counsel, which are attached as Exhibits 13 and 14.

## IV. OTHER GOVERNMENT AGENCY INQUIRIES

Following the Relators' depositions on December 17-18, 2012, counsel had received inquiries from the New York State Attorney General, the U.S. Department of Education Office of Legal Counsel, and the U.S. Senate Committee on Help Education Labor & Pensions ("HELP Committee"). The company records produced by Ms. Lee are of significant interest to the Government. The Ninth Circuit has a strong policy of preventing defendants in False Claims Act cases from suppressing evidence on the basis of non-disclosure agreements. *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sus., Inc.*, 647 F.3d 1047, 1061-62 (9th Cir. 2011).

## V. APPLICATION FOR CONTINUANCE UNDER RULE 56(D)

During the October 29, 2012 hearing, the Court instructed Relators to file a Rule 56(d) request for continuance to obtain discovery after the Defendants filed their motions to dismiss.[18] In accordance with the Court's directions, Relators make this application for a continuance to obtain the discovery needed to respond to the respective motions to dismiss filed by Defendants (Doc. 150 and 154). Pursuant to the Federal Rules of Civil Procedure 56(d) and L.R. 40-1, Relators seek a continuance to obtain the *Ad Rep Performance Flash* for each campus of Corinthian Colleges, Inc. for the

---

[18] *See*, Reporter's Transcript of Proceedings dated October 29, 2012, attached hereto as Exhibit 15.

11

1  time periods relevant to this lawsuit, until 2010, for all 100 campuses of
2  defendant Corinthian Colleges, Inc. This evidence will help corroborate Ms.
3  Lee's assertions that all 100 campuses received a weekly *Ad Rep*
4  *Performance Flash* that graded recruiters according to their Lead-to-
5  Conversion Ratios. Moreover, these *Ad Rep Performance Flash* reports
6  continue to be routinely distributed through the present.

7  Relators request seventy-five (75) days to obtain the Ad Rep
8  Performance Flash Reports for all 100 Corinthian campuses from 2000
9  through 2010. This evidence is necessary for Relators to respond to the
10 motions to dismiss for lack of jurisdiction filed respectively by Corinthian
11 Colleges, Inc. *et al*. (Doc. 150) and by Ernst & Young, LLP (Doc. 154).

12 Hearing on Defendants' respective motions to dismiss (Doc.
13 150 and 154) is now scheduled for March 11, 2013. Relators' opposition to
14 Defendants' Motions are due on February 8, 2013 pursuant to the Court's
15 Order dated November 8, 2012. (Doc. 131).

16 Relators' counsel stipulated to an increase in the briefing page
17 limit for Defendant Corinthian Colleges, Inc. from the standard 25 pages to
18 45 pages based on the representation that the Company could not adequately
19 brief the issues in less than 45 pages. Relator's counsel subsequently
20 telephoned Achyut J. Phadke and requested an extension of time for Relators

to file a response to Corinthian Colleges, Inc. motion to dismiss (prior to the filing of said motion), and counsel never responded.

The Motion to Dismiss filed by Corinthian Colleges, Inc. (Doc. 150) was adopted and incorporated into the Motion To Dismiss filed by Defendant Ernst & Young (Doc. 154), and therefore a complete response to EY's motion necessarily includes the response to the motion of Defendant Corinthian Colleges, Inc.

Relators should be allowed to discover the *Ad Rep Performance Flash* reports of all 100 Corinthian Colleges' campuses. Defendants assert that the Relators cannot be the "original source" of the practices that occurred (a) after Relator Nyoka Lee's employment terminated in 2005, and (b) at campuses other than the campus where Relators were employed. The weekly *Ad Rep Performance Flash* reports for the period 2000-2012 will corroborate Ms. Lee's testimony that all of the campuses of Corinthian Colleges, Inc. graded their recruiters based on the L-C Ratios, and that this practice continued after Ms. Lee's employment was concluded in 2005. Where the fraudulent practices commence during Relators' employment, they can still establish "direct and independent" knowledge of the fraud.

> All of these instances of alleged conduct occurring after the Relator's departure involve conduct that began during his employment and continued after his departure. Therefore, as the "information underlying the claim" commenced during

Relator's employment, he is not prevented from establishing "direct and independent knowledge" solely because the conduct continued after his departure.

*United States ex rel. Smith v. Yale Univ.*, 415 F. Supp. 2d 58, 74 (D. Conn. 2006).

Relators herein are entitled to discovery of this evidence under Rule 56(d). Defendant Corinthian Colleges, Inc.'s motion to dismiss is forty-five (45) pages, and includes an additional appendix of thirty (30) pages, bringing the motion seventy-five (75) pages.

In addition, counsel for Corinthian Colleges, Inc. requested the court reporters who took the depositions of the Relators on December 17-18, 2012 to place a hold on the depositions attempting to secure from Relators an agreement to designate the deposition exhibits as "confidential." As a result, the release of these lengthy transcripts was delayed until January 8, 2013, just days before Defendants filed their motions.

Fed. R. Civ. P. 56(d) provides:

> (d) WHEN FACTS ARE UNAVAILABLE TO NONMOVANT. If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue an other appropriate order.

Relators are entitled to a continuance under Rule 56(d) to obtain the *Ad Rep Performance Flash* for each campus of Corinthian Colleges, Inc. for the time periods relevant to this lawsuit, and ediscovery relating to these reports. This evidence exists and was disclosed by Relator Nyoka Lee in her deposition given on December 17, 2012.

Since the Court's order for Phase I Discovery (Doc. 131) allowed only the Defendants to obtain written and deposition discovery from Relators to determine of the Relators had direct and independent knowledge of the events and transactions alleged in the suit, discovery by Relators has been completely stayed by operation of Rule 16. The Defendants have now filed their motions to dismiss challenging the Court's jurisdiction over the lawsuit. Motions for summary judgment should not be considered until the non-movant has an opportunity to obtain relevant discovery.[19] *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004). The additional time will enable Relators to rebut movants' allegations challenging Relators' direct and independent knowledge that every campus of Corinthian Colleges, Inc. received a weekly *Ad Rep Performance Flash* report showing the Lead-to-Conversion Ratio

---

[19] In the Joint Rule 26 Report, Defendants point out that their jurisdictional motions are for summary judgment, made under Fed. R. Civ. P. 56. (Doc. 127, at pp. 9-10).

15

1 ("L-C Ratio") for every recruiter employed at the campus. Relator Nyoka
2 Lee produced several *Ad Rep Performance Flash* reports for the period she
3 was employed through 2005, for the campuses where she worked. Relator
4 Talala Mshuja testified that he continued to observe such reports in the
5 admissions department of the Corinthian Colleges campuses where he was
6 employed through 2009.
7       This Rule 56(d) motion is supported by the Declaration of Scott
8 D. Levy, and Exhibits 1-15, which are incorporated by reference.

10 Dated: January 28, 2013       Respectfully submitted:

LEVY & ASSOCIATES PC

By: _____// SDL //_____

 SCOTT D. LEVY
Attorney for Relators Nyoka June Lee
and Talala Mshuja