O
#170

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiffs'** *Ex Parte* **Application**

On January 28, 2013, Plaintiffs Nyoka June Lee and Talala Mshuja ("Relators") filed an *ex parte* application for a stay of the proceedings in order to address threats of retaliation by defense counsel and for a continuance under Rule 56(d) to obtain discovery to respond to motions to dismiss under Rule 12(b)(1). Dkt. # 170.[1] *Ex parte* applications in the Central District are governed by the procedural requirements of the Local Rules, as well as the substantive standards set forth in *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (holding that a party requesting *ex parte* relief must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect).

Local Rule 7-19 requires that an *ex parte* application "shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party." Relators did not supply such a memorandum. Further, Local Rule 7-19.1 requires the attorney filing the *ex parte* application "(a) to make reasonable, good faith efforts to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

---

[1] Because Plaintiffs did not properly notice the ex parte application, it is unclear who filed the application. However, the top of the pleading mentions "Scott D. Levy . . . Attorney for Realtors Nyoka June Lee and Talala Mshuja."

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | February 4, 2013 |
|---|---|---|---|
| Title | United States of America *ex rel.* Nyoka Lee *et al.* v. Corinthian Colleges *et al.* | | |

L.R. 7-19.1.  Relators failed to advise the Court of efforts to contact opposing counsel, and opposing counsel explains that it did not receive a copy of the papers for the *ex parte* application until the papers were filed on the Court's CM-ECF system at 9:54 p.m. Pacific Time on January 28, 2013.  *See Young Decl.* ¶ 2.

Relators are further warned that Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Calif. Permanente Med. Group*, 209 F.R.D. 169, 173-73 (C.D. Cal. 2002).  "Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'" *Id.* (citing Fed. R. Civ. P. 11(c)).

Accordingly, the *ex parte* application is DENIED.

**IT IS SO ORDERED.**