BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
ACHYUT J. PHADKE (State Bar No. 261567)
achyut.phadke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Attorneys for Defendants CORINTHIAN COLLEGES, INC., DAVID MOORE, and JACK D. MASSIMINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. NYOKA LEE and TALALA MSHUJA,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CORINTHIAN COLLEGES, INC., et al.,<br><br>　　　　Defendants. | Case No. CV 07-01984 PSG (MANx)<br><br>**DECLARATION OF ACHYUT J. PHADKE IN SUPPORT OF SCHOOL DEFENDANTS' MOTION FOR SANCTIONS AND ATTORNEYS' FEES**<br><br>Judge:  Honorable Philip S. Gutierrez<br>Courtroom:  880<br>Date:  June 10, 2013<br>Time:  1:30 p.m. |

20532605.1

NO. CV 07-01984 PSG (MANx)

PHADKE DECL. ISO SCHOOL DFTS. MOT. FOR SANCTIONS & ATTYS' FEES

# DECLARATION OF ACHYUT J. PHADKE

I, Achyut J. Phadke, hereby declare:

1. I am an attorney in the law firm of Munger Tolles & Olson, LLP ("MTO"), counsel of record for Defendants Corinthian Colleges, Inc. (the "School"), David Moore, and Jack D. Massimino (collectively, the "School Defendants"). I am duly admitted to practice in the State of California and before this Court. I have personal knowledge of the matters set forth herein and, if called upon to do so, I could and would testify competently thereto under oath.

2. On September 10, 2012, Relators counsel served a document entitled "Plaintiff's Initial Disclosures" on counsel to the School Defendants via email. A true and correct copy of this document is attached as **Exhibit A** hereto.

3. On January 7, 2013, I participated in a teleconference with Scott D. Levy, counsel to Relators in this case, and Ryan Hassanein, counsel to Defendant Ernst & Young LLP ("E&Y"). During that teleconference, I explained the factual and legal bases upon which the Court lacked jurisdiction over this case under the False Claims Act, and further explained that the School Defendants believed this action was frivolous and asked Relators to voluntarily dismiss this action.

4. During the January 7, 2013 teleconference, I stated that multiple securities complaints filed against the School in a securities action in this district had alleged violations of the incentive compensation ban prior to Relators' filing their original complaint in March 2007. I also noted that multiple qui tam complaints bringing the same allegations against career institutions had been filed prior to March 2007, including several complaints filed by Relators' counsel. I further discussed Congressional testimony pertaining to alleged incentive compensation violations that Defendants previously had noted in the Rule 16 Conference Statement filed with the Court. I also discussed Relators' testimony at their depositions on December 17, 2012 and December 18, 2012, including the fact that Relators testified that they had not thought about suing Corinthian until they

met their attorneys through Susan Newman, and that Relators made numerous admissions that establish the lack of direct and independent knowledge of the fraud alleged in this case. Accordingly, I asked Relators' counsel to voluntarily dismiss the case because Relators' position that the Court had jurisdiction over this case was frivolous.

5. During the January 7, 2013 teleconference, Relators counsel stated that he was familiar with the consolidated complaint filed in the Corinthian securities action in this district. He also stated that he was familiar with the order dismissing a similar qui tam complaint on jurisdictional grounds under the FCA in *U.S. ex rel. Leveski v. ITT Education Services*, 2011 WL 3471071 (S.D. Ind. Aug. 8, 2011).

6. On January 7, 2013, after the teleconference with Relators' counsel, I sent an email to Relators' counsel providing citations to the dismissal orders in *U.S. ex rel. Lopez v. Strayer Education, Inc.*, 698 F. Supp. 2d 633 (E.D. Va. 2010) and *Schultz v. DeVry, Inc.*, 2009 WL 562286 (N.D. Ill. Mar. 4, 2009), as well as the *Leveski* dismissal order. I had referenced all three of these decisions in the January 7, 2013 teleconference. In that same email, I provided Relators' counsel with a copy of the consolidated complaint filed in *In re Corinthian Colleges, Inc. Shareholder Litigation*, No. 04-cv-5025 (C.D. Cal.) in 2005. A true and correct copy of this email is attached as **Exhibit B** hereto.

7. On January 7, 2013, in response to emails from Relators' counsel, I sent another email stating the grounds on which the School Defendants believed this action to be frivolous. A true and correct copy of this email is attached as **Exhibit C** hereto.

8. On January 9, 2013, counsel to the School Defendants sent a letter to Relators' counsel via email that again asked Relators to voluntarily dismiss the case, and warned that the School Defendants would seek sanctions if Relators did not do so. A true and correct copy of that letter is attached as **Exhibit D** hereto.

9. On January 12, 2013, counsel for the School Defendants received email correspondence from Shayne Stevenson, an attorney at Hagens Berman Sobol Shapiro LLP, stating, "Our firm was contacted this past week by Mr. Levy regarding the Corinthian litigation. We will be entering the case next week and substituting in as lead counsel." A true and correct of this email is attached as **Exhibit E** hereto.

10. On January 13, 2013, counsel for the School Defendants sent Mr. Stevenson an email attaching copies of a letter previously sent to Relators' counsel on January 9, 2013 and copies of the depositions of Relators Nyoka Lee and Talala Mshuja in this case. On January 15, 2013, counsel for the School Defendants also sent Mr. Stevenson an email attaching a copy of the School Defendants' as-filed Rule 12(b)(1) motion to dismiss. On January 15, 2013, Mr. Stevenson sent School Defendants' counsel an email stating that he and his firm had elected to stay out of the Corinthian litigation. A true and correct copy of Mr. Stevenson's January 15, 2013 email is attached as **Exhibit F** hereto.

11. On February 11, 2013, counsel to the School Defendants sent a letter to Thomas Mauriello, co-counsel of record for Relators in this action. A true and correct copy of this letter is attached as **Exhibit G** hereto.

12. On March 11, 2013, counsel to the School Defendants received by facsimile a letter from Mr. Mauriello. A true and correct copy of this letter is attached as **Exhibit H** hereto.

13. On June 27, 2012, counsel for the School Defendants participated in a teleconference with Relators' counsel and counsel for E&Y pursuant to Federal Rule of Civil Procedure 26(f). During that teleconference, counsel for the School Defendants discussed Defendants' proposal to seek early discovery on issues relating to jurisdiction under the public disclosure bar of the False Claims Act, and to seek a stay of discovery on merits issues in this case. At the request of Relators' counsel, on July 30, 2012, counsel to the School Defendants sent an email to Relators' counsel listing authority in support of Defendants' proposal. A true and

correct copy of the July 30, 2012 email from School Defendants' counsel to Relators' counsel is attached as **Exhibit I** hereto.

14. On July 27, 2012, counsel to the School Defendants received a request from Relators' counsel to postpone the Rule 16 conference scheduled for August 20, 2012 to September 2012 because counsel stated he was in the process of finalizing arrangements for co-counsel to join this case on behalf of Relators. The School Defendants agreed to this request, and Relators' counsel filed a stipulation seeking a continuance of the Rule 16 conference as reflected at Document 122 on the Court's docket. Attached as **Exhibit J** hereto is a true and correct copy of an email from School Defendants' counsel to Relators' counsel documenting the request for an extension.

15. In connection with Rule 16 conference scheduled for September 17, 2012, counsel to the School Defendants sent Relators' counsel multiple emails requesting that Relators' counsel send Relators' inserts to the parties' joint case management statement. Attached as **Exhibit K** hereto are true and correct copies of email correspondence between School Defendants' and Relators' counsel between September 4, 2012 and September 10, 2012. As these emails reflect, Relators' counsel ignored multiple requests to join in a joint Rule 16 conference statement, only to respond with a separate statement on behalf of Relators at 5:45 pm on Friday, September 7, 2012 when the statement was due on Monday, September 10, 2012. Counsel to the School Defendants were required to work over the weekend to consolidate Relators' separate document into a joint statement. Relators' counsel, however, refused to sign the joint statement and instead filed a separate statement on behalf of Relators only. As reflected in the Court's minute order at entry 126 in the docket, the Court postponed the Rule 16 conference to October 29, 2012 so the parties could submit a joint statement.

16. After the Rule 16 conference was rescheduled, Counsel to the School Defendants sent Relators' counsel a revised draft of Defendants' sections of the

Rule 26 Report on October 3, 2012—more than two weeks in the October 22 deadline to file the report—and requested that Relators' counsel insert Relators' sections sufficiently in advance for timely filing. Defendants' sections of the statement remained unchanged, in significant part, from the statement that Defendants had circulated on September 4, 2012. Nevertheless, Relators' counsel waited until the evening of October 18, 2012 (two business days before the Rule 26 Report was due) to provide Relators' sections, which contained 10 pages of new argument. Defendants circulated a revised Defendants' section of the report on October 19, 2012 to address Relators' new arguments, and asked Relators' counsel to confirm if Defendants were authorized to file the joint report. Relators' counsel did not respond, but instead, on October 22, 2012, at 10:27 a.m., circulated still further revisions to the Rule 26 report, forcing Defendants to revise their sections on the afternoon that the Rule 26 report was due. A true and correct copy of email correspondence between counsel to the School Defendants and Relators' counsel between October 3, 2012 and October 22, 2012 reflecting these events is attached as **Exhibit L** hereto.

17. On January 2, 2013, Relators' counsel sent a letter to School Defendants' counsel accusing the School Defendants of making a "threat of retaliation" against Ms. Lee "following [the School Defendants'] deposition of Ms. Lee." A true and correct copy of this letter is attached as **Exhibit M** hereto.

18. On January 7, 2013, counsel to the Relators sent an email to the court reporter for the December 17, 2013 deposition of Relator Nyoka Lee ("Lee Deposition") in which counsel stated that an excerpt from the draft transcript of the Lee Deposition did not contain supposed "statements made by Corinthian's in-house legal counsel." A true and correct copy of this email is attached as **Exhibit N** hereto.

19. In filings with the Court, Relators' counsel also provided further correspondence with the court reporter sent on January 7, 2013. Attached as

**Exhibit O** hereto is a true and correct copy of Exhibit 3 to the Declaration of Scott D. Levy filed with the Court on January 28, 2013 (Doc. 170-16), which counsel's declaration describes as "a true and correct copy of the Email exchange between" Relators' counsel and the court reporter.

20. The court reporter released the final transcript of the Lee Deposition on January 8, 2013. A true and correct copy of email correspondence from the court reporter's agency attaching the final deposition transcript for the Lee Deposition is attached as **Exhibit P** hereto.

21. On December 10, 2012, Relators produced approximately 708 pages of documents in response to discovery requests served by the School Defendants. I have reviewed the documents in Relators' production in this case and the documents marked as exhibits to the depositions of Relators on December 17, 2012 and December 18, 2012. The vast majority of the documents produced by Relators in this case were School documents. These documents included hundreds of pages of documents printed off proprietary School databases and private personnel information relating to School employees who are not involved in this case.

22. Attached hereto as **Exhibit Q** are excerpts of the Lee Deposition transcript concerning the School Defendants' confidential designation of School Documents used at the deposition of Ms. Lee and produced by Relators in this case.

23. I conferred with Relators' counsel concerning confidentiality designations of School documents used at Relators' depositions on January 7, 2013, and again on January 9, 2013. During the conference on January 7, 2013, Relators' counsel initially agreed to permit the School Defendants to provisionally designate as confidential all exhibits that the School Defendants had introduced in their direct examination of Ms. Lee at her deposition—Exhibits 1-33 to the Lee Deposition. Relators' counsel refused to confirm this agreement when asked to do so by the court reporter. Attached as **Exhibit R** hereto is a true and correct copy of email correspondence between counsel and the court reporter concerning these matters.

1      24.    Ultimately, Relators' counsel refused to permit the School to provisionally designate School documents as confidential subject to further review by the Court, and refused to enter into a general protective order to govern confidentiality designations in this case. Attached as **Exhibit S** hereto is a true and correct copy of a letter I sent to Relators' counsel via email on January 10, 2013 concerning these matters.

25.    Attached hereto as **Exhibit T** is a true and correct copy of the reporters' transcript of the hearing in this case on February 7, 2013 before Magistrate Judge Nagle.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 18, 2013, at San Francisco, California.

                                               */s/ Achyut J. Phadke*
                                                Achyut J. Phadke