SCOTT D. LEVY
Scott D. Levy & Associates PC
Tex. Bar No. 24000598
1844 Wheeler Street
Houston, Texas  77004
(713) 528-5409 Tel.
(713) 528-0117 Fax
levy.scott@mac.com


Attorneys for Relators
NYOKA JUNE LEE AND TALALA MSHUJA

U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. NYOKA LEE and TALALA MSHUJA,<br><br>Plaintiff,<br><br>CORINTHIAN COLLEGES INC., et al.,<br>Defendants. | CASE NO. CV 07-01984 PSG (MANx)<br><br>**RELATORS' OPPOSITION TO DEFENDANT ERNST & YOUNG LLP'S MOTION FOR COSTS UNDER 28 U.S.C. § 1919**<br>[DKT 238]<br><br>Place:  Courtroom 880<br>Judge: Hon. Philip S. Gutierrez<br>Date:  June 10, 2013<br>Time:  1:30 p.m. |

1

1   Relators Nyoka Lee and Talala Mshuja hereby oppose the motion for
2   costs filed by Defendant Ernst & Young LLP ("EY") pursuant to 28 U.S.C.
3   § 1919. Relators incorporate all previous filings in the case into this
4   opposition, specifically including Relators' Ex Parte Application For Stay of
5   Proceedings to Address Threats of Retaliation by Defense Counsel [DKT
6   170].

7   EY fails to show why the award of costs would be just in this case.
8   "Nor can the award of costs be presumed simply because a party was
9   successful on a threshold ground and costs were incurred." *Otay Land Co. v.*
10  *United Enterprises Ltd.*, 672 F.3d 1152 (9th Cir. 2011). "[T]he driving
11  motivation behind § 1919 is to balance the need to deter improper or
12  wrongful invocations of federal jurisdiction against the importance of
13  providing a federal forum for actions that fulfill the 'statutory criteria' for
14  jurisdiction." *Otay, id.* at 1158, *citing Martin v. Franklin Capital Corp.*, 546
15  U.S. 132, 140 (2005). EY's rationale assumes it is entitled to costs because
16  it prevailed on the public disclosure issue and that the costs were just
17  because they were incurred. EY filed two (2) separate motions to dismiss
18  for failure to state a claim before ever bringing up the public disclosure
19  argument. EY argued in its motion to dismiss for lack of jurisdiction that
20  EY has been previously named as a co-defendant in a False Claims Act suit

alleging recruiter compensation violations, and that such prior suit alleged a "massive liability" was owed to the United States as a consequence of the recruiter compensation violations.  EY asserts that the prior lawsuit against EY, among other lawsuits against proprietary schools, constituted a public disclosure of industry-wide recruiter compensation fraud sufficient to trigger the public disclosure bar under the False Claims Act.  Since EY was a named defendant in the previous suit alleged to be the factual basis for its motion to dismiss for lack of jurisdiction, EY's failure to bring the public disclosure motion at the beginning of the case is inexplicable.  Moreover, the School's Forms 10-K filed with the Securities & Exchange Commission were prepared by EY, and discussed the shareholder class action lawsuit found by the Court to be a public disclosure of the allegations made by Relators.  The costs were incurred as the consequence of EY's litigation strategy and delay in asserting defenses that EY no claims were so apparent from the inception of the case.  In truth, the jurisdiction arguments made by EY raised novel legal arguments.

    EY argues that the Relators could never be an original source since they have no knowledge of the professional standards for conducting audits, or that EY was the auditor.  The Ninth Circuit plainly held that the issue regarding EY is whether EY complied with its obligation to disclose HEA-

related liabilities based on the recruiter compensation violations reported by the Relators. The consequences of the alleged recruiter compensation violations on EY's auditing and disclosure obligations is a matter of expert testimony. The Court's finding that Relators were not original sources is a matter going to the merits, which will be addressed on appeal. *Assuming arguendo*, there was no public disclosure EY could not even reach the original source issue. EY asserts no basis to award costs based on the finding that Relators do not qualify to be original sources under the FCA.

In addition, the Order of dismissal on public disclosure grounds holds that enrollment quotas can be illegal in some circumstances. The public disclosure of enrollment quotas asserted as the basis for attacking False Claims Act jurisdiction implicates a question of law that the Ninth Circuit already stated had no binding legal authority.

> [The] section of the *Lee* opinion cited by Relators is take out of context. That section related to where employees were "disciplined, demoted, or terminated" for failing to meet a enrollment quota. *Lee*, 655 F.3d at 993. The Ninth Circuit expressly distinguished these "adverse employment actions" from the incentive compensation ban. *Id.* … The Ninth Circuit held that if meeting a quota was the only basis for a salary increase, this would violate the HEA. *Id*. at 995-96 (violation of the HEA could be stated if relators alleged that "meet[ing] enrollment quotas … was *the* basis on which [admissions representatives] would receive promotional salary increases."). *The public disclosures at issue plainly speak to employee compensation based on reaching quotas, which could violate*

> *the HEA, as opposed to termination for failure to reach quotas.*
> *See RJN*, Ex. 13 (2005 Securities Compl.), ¶¶ 228 [quotes omitted] (emphasis added).

DKT # 224, pp 13-14 of 19. EY cannot establish "improper or wrongful invocations of federal jurisdiction" based on the Court's decision regarding enrollment quotas. Relators' original complaint plainly alleged that employee compensation was based on reaching quotas, and Defendants vociferously argued against the position in their briefs to the Ninth Circuit. EY has reversed course on the legality of enrollment quotas from their prior arguments asserting that enrollment quotas were legal under the recruiter compensation Safe Harbor Regulations.

The award of just costs under 28 U.S.C. § 1919 is a two step analysis - "whether an award of costs is just and equitable and, if so, the appropriate amount of costs." *Otay, id.* at 1158. It would be highly inequitable to award costs against relators after the Ninth Circuit reversed and remanded the dismissal of the case. The claims asserted by Relators have already been found to be plausible by the Ninth Circuit in *Lee v. Corinthian Colleges, Inc.*, 655 F.3d 984, 996 (9th Cir. 2011). Section 1919 "stands in stark contrast to costs under Rule 54(d)(1), which turns on a prevailing party standard." *Otay* at 1157.

Deposition Costs are Not Just Costs under 28 U.S.C. § 1919

The costs of depositions are not just costs in this case. First, the public disclosure argument could have been decided without any discovery. Second, Relators' counsel requested that the depositions be taken in San Francisco at defense counsel's offices, because the Relators reside within an hour of San Francisco. The deposition costs are not just. In addition, Relators issued a subpoena to the court reporter to obtain the audio recording of the deposition because William Calhoun, Deputy General Counsel of Corinthian Colleges, Inc., threatened to take legal action against Relator Nyoka Lee at the conclusion of her deposition on December 17, 2012. There has been no return on that subpoena, and the completeness of the transcript regarding Mr. Calhoun's statements is unresolved. Relators are entitled to this evidence before costs are awarded for the deposition transcripts. Fed. R. Civ. 56(d). To award deposition costs before the matter of William Calhoun's threat to Nyoka Lee is not just, and is not permitted under 28 U.S.C. § 1919.

<u>Awarding Costs Will Create a Hardship for Relators</u>

Relator Nyoka Lee is 70 years old. Relator Talala Mshuja is 71 years old. Lee and Mshuja are no longer employed. Both live on a fixed income. The award of costs against Lee and Mshuja will cause them extreme

hardship. The court should consider "hardship or culpable behavior by the parties" in awarding costs. *Otay* at 1157.

*Noerr-Pennington* Doctrine

To award costs under 28 U.S.C. § 1919, in the context of the other actions taken to retaliate against Relators and their legal counsel for bringing this action against Defendants, would be a violation of the *Noerr-Pennington* doctrine. EY now has pending in the Court a motion for sanctions requesting the payment of roughly $542,000 in attorney's fees against Relators and their counsel. In conjunction with such sanctions motions, EY's motion for costs under 28 U.S.C.§ 1919 is brought to interfere with Relators from pursuing their appeal in the U.S. Court of Appeals for the Ninth Circuit.

The essence of EY's argument in its sanctions motion, which is carried over into EY's motion for costs under 28 U.S.C. § 1919, is that Relators' assertion of FCA jurisdiction was baseless from the start, *i.e.*, that the lawsuit was doomed from the beginning. Because the First Amendment's Petition Clause requires protection of "the class of reasonable based but unsuccessful lawsuits," actions that chill or restrain the filing of lawsuits involves rights protected by the Bill of Rights. *BE&K Construction Co. v. NLRB*, 536 U.S. 516 (2002).

1  "[T]he right to access to the court is … but one aspect of the [First
2  Amendment] right of petition," which extended the immunity of the *Noerr-*
3  *Pennington* doctrine to the use of "the channels and procedures of state and
4  federal … *courts* to advocate causes and points of view… ." *Sosa v.*
5  *DIRECTTV, Inc.*, 437 F.3d 923 (9th Cir. 2006). The Supreme Court held that
6  Petition Clause protects access to judicial processes, and that laws must be
7  interpreted, where possible, to avoid burdening such access. *Sosa*, *id., citing*
8  *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983). The
9  Supreme Court expanded its holding in *BE&K Construction Co. v. NLRB*,
10 536 U.S. 516 (2002) to make clear that principles of statutory construction
11 embodied in the *Noerr-Pennington* doctrine apply with full force in other
12 statutory contexts. *BE&K* explained that the sham litigation test requires
13 that "breathing room" should be given in evaluating whether their legal
14 assertions are baseless. "This definition overprotects baseless petitions so as
15 to ensure citizens may enjoy the right of access to the courts without fear of
16 prosecution. *BE&K* made this breathing room protection explicit." *Sosa, id.*,
17 at 934.
18 <u>Appellate Court Decision is Required Before Litigation is Deemed a "Sham"</u>
19      EY's motion for costs, in conjunction with its separate motion for
20 sanctions, is brought for an improper purpose. EY employs a heavy-handed

strategy in order to block Relators' access to the appellate court to avoid review of the public disclosure findings made by the district court. Before a case can be deemed to be outside the immunity of the *Noerr-Pennington* doctrine, there must be appellate review of the determination that a lawsuit was a "sham."

> we recognized that recourse to agencies and courts should not be condemned as sham until a reviewing court has "discern[ed] and draw[n]" the "difficult line" separating objectively reasonable claims from "a pattern of baseless, repetitive claims . . . which leads the factfinder to conclude that the administrative and judicial processes have been abused."

*Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993), *citing California Motor Transport v. Trucking Unlimited*, 404 U.S. 508, 513 (1972). EY's motion seeks to avoid appellate review of the jurisdiction of the public disclosure issue. A sham lawsuit is one that is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.*

It would be clear error for this Court to award costs before the appellate court can evaluate jurisdictional basis asserted by Relators. EY's charge of baseless or sham jurisdiction against Relators requires appellate review as a matter of law. *BE&K, id.*; *Professional Real Estate Investors, Inc., id.; Sosa, id.* Relators clearly apprised the Court of EY's pattern of retaliatory conduct against Relators and their counsel, and the Court's

9

supervision was requested so that Relators could proceed in presenting the merits of their claims. *See*, Dkt 170, Relators' Ex Parte Application For Stay Of Proceedings To Address Threats of Retaliation By Defense Counsel. The Court is required under the *Noerr-Pennington* doctrine to consider whether the Defendants are using judicial maneuvers for the purpose of "deterring respondents from having fee and unlimited access to the agencies and the courts." *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972). Defendants' motion for costs, in conjunction with its motion for sanctions, and threats against Relators' counsel and third-party counsel considering enrolling in the case, has interfered with Relators' right to access to the courts. *Id.*

Rule 56(d) Request for Continuance

Relators moved pursuant to Fed. R. Civ. P. 56(d) for a continuance to obtain discovery showing the full extent that Defendant Corinthian Colleges, Inc. has engaged in judicial maneuvers for the purpose of "deterring respondents from having fee and unlimited access to the agencies and the courts." *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972). EY is acting in tandem with Corinthian Colleges, Inc. in seeking to block Relators from full and effective access to the courts. Other such acts by Corinthian Colleges, Inc. include reporting San Diego attorney

Gary Majors to the bar for spurious reasons, during a time he was dying of cancer, burdening him the last days of his life. Corinthian also sued the lawyers and the students that were suing them in Florida. Corinthian sued them in Florida and in California. These and other acts are relevant to the inquiry under *California Motor Transport*.

## PUBLIC DISCLOSURE IS DIFFERENT FOR EACH DEFENDANT

A public disclosure about one defendant affords no protection to another defendant. *Wang v. FMC Corp.*, 975 F.2d 1412 (9th Cir. 1992). EY's violations have never been publicly disclosed. *See United States ex rel. Aflatooni v. Kitsap Physician Services,* 163 F.3d 516, 523 (9th Cir. 1998) (fraud was alleged "against two distinct groups of defendants." Following *Wang, id.* at 1415-1416, the Ninth Circuit reversed the public disclosure finding as to the second group of defendants: "[W]e find that the district court erred in concluding that the public disclosure bar applied to all Defendants…."

## LOCAL RULE 54-3 ON TAXABLE COSTS

Items taxable as costs are governed by L.R. 54-3. The court runner fees and messenger services are not taxable as costs under L.R. 54-3, and should be denied. Reproduction costs for hard copies served on chambers only are taxable. All other costs requested in Defendants' motion are

1 outside the costs allowed and should be denied. All costs for copies should
2 be denied because EY's motion provides insufficient information about the
3 copies in question. Costs related to copies of documents used in the
4 deposition of Relators should be denied until the completeness of the
5 deposition transcript regarding the threats made by William Calhoun is
6 resolved.

7 <u>REQUEST FOR RELIEF</u>

8 WHEREFORE, the Court should deny EY's Motion For Costs
9 pursuant to 28 U.S.C. § 1919. There is no district court or circuit authority
10 anywhere which holds that the disclosure of recruiter enrollment quotas is a
11 public disclosure within the context of the False Claims Act. The basis for
12 FCA jurisdiction asserted as EY was objectively reasonable as held by the
13 Ninth Circuit. That such jurisdiction could be divested on the basis of a
14 public disclosure does not make the basis of jurisdiction asserted objectively
15 unreasonable. Moreover, the award of costs against Relators would cause
16 them extreme hardship. In addition, the costs of depositions are not just
17 costs under the circumstances of the case.

18 Dated: May 7, 2013                    Respectfully submitted:
19

1

LEVY & ASSOCIATES PC

By: _____// SDL //_____

   SCOTT D. LEVY
Attorney for Relators Nyoka June Lee
and Talala Mshuja