UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion for Costs and GRANTING Motion for Attorneys' Fees and Sanctions

Before the Court are Defendants Corinthian Colleges, David Moore, Jack D. Massismino, and Ernst & Young, LLP's motions for attorneys' fees and sanctions, and motions for costs. Dkts. # 232, 238, 244, 248. After considering the moving and opposing papers the Court DENIES the motions for costs and GRANTS the motions for attorneys' fees and sanctions.

I.    Background

This case is a *qui tam* action brought by Relators Nyoka Lee ("Lee") and Talala Mshuja ("Mshuja") (collectively, "Relators") against Corinthian Colleges, Inc.; David Moore, and Jack Massimino, two former officers of Corinthian Colleges, Inc. (together with Corinthian Colleges, Inc., "Corinthian Colleges"); and Ernst & Young, LLP ("Ernst & Young") (with Corinthian Colleges, "Defendants"). Relators brought causes of action under the False Claims Act ("FCA"), *see* 31 U.S.C. § 3729 et seq., for alleged false statements made to the U.S. Department of Education for the purpose of receiving billions of dollars in funds under Title IV of the Higher Education Act ("HEA"), *see* 20 U.S.C. § 1094. *First Amended Complaint* ("*FAC*") ¶ 11. Relators filed their original Complaint on March 26, 2007.

On December 4, 2009, the Court granted Defendants' motions to dismiss the original complaint. Dkt. # 66. The Court found Relators could not state a claim as a matter of law and therefore dismissed without leave to amend. Relators appealed. Although the Ninth Circuit agreed that Relators' allegations were insufficient to state a claim for relief, the Ninth Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

reversed and remanded to this Court to give Relators an opportunity to amend their complaint. *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 1000 (9th Cir. 2011) ("*Lee*"). The Ninth Circuit concluded that Relators could plead additional facts to cure the deficiencies of the original complaint. *Id.* at 996, 1000. On December 21, 2011, Relators filed the FAC. Dkt. # 78. Defendants filed a motion to dismiss the FAC, which the Court granted in part and denied in part. Dkt. # 111.

Defendants then brought motions seeking dismissal of this lawsuit for lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4), the FCA's "public disclosure bar," which strips the Court of jurisdiction where the "allegations or transactions" that are the subject of the suit have been disclosed through a source enumerated in the statute. *See* Dkts. # 150, 154. The Court granted the motions, determining that it did not have subject matter jurisdiction over the lawsuit. *See* Dkt. # 224.

Defendants have now filed separate motions for attorneys' fees and sanctions, and motions for costs. Dkts. # 232, 238, 244, 248.

II.     Discussion

     A.     Costs

Under 28 U.S.C. § 1919, "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. The decision to award "just costs" lies in the Court's discretion and is based on what is "fair and equitable under the totality of the circumstances." *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157-58 (9th Cir. 2012). Unlike Rule 54(d)(1) ("costs—other than attorney's fees—should be allowed to the prevailing party"), a cost award under § 1919 does not turn on prevailing party status and lies within the sound discretion of the district court. *Id.; see also Miles v. California,* 320 F.3d 986, 988 n.2 (9th Cir. 2003) (noting that § 1919 is "permissive," allows the district court to award "just costs," and does not carry a presumption that costs shall be awarded to the "prevailing party").

*Otay* recognized that section 1919 stands in stark contrast to Rule 54(d), which turns on a prevailing party standard. *Id.* The court's authority under § 1919 was "manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

for costs." *Id*. (citation omitted) But the mere fact that authority is now granted does not mean that costs are mandated. *See Miles,* 320 F.3d at 988 n. 2.

In determining whether an award of just costs is reasonable, *Otay* suggested that the reasonableness of a plaintiff's jurisdictional claim is a relevant factor. *Id. Otay* also indicated that exigent circumstances, such as hardship or culpable behavior by the parties, should be taken into account. *Otay*, 672 F.3d at 1158.

Here, the Court notes that the reasonableness of Relators' jurisdictional claim weighs in favor of imposing costs. Relators' core claim against Corinthian was based on prior public disclosures. *See* Dkt. # 224 at 6-15. In the Order on the Motion to Dismiss for lack of jurisdiction, the Court concluded that the allegations in Relators' original complaint were nearly identical to allegations in a prior securities class action complaint filed against Corinthian Colleges. *See id.* at 8. Also, the allegations at issue were previously disclosed in a 2005 Congressional hearing. *See id*. at 9. Additionally, there were five other *qui tam* law suits that constituted prior public disclosures. *Id.* The Court also found that Relators were not original sources of the information upon which their allegations relied. *Id.* at 15-18. Thus, in light of the many public disclosures and that the Relators were not original sources, the unreasonableness of the jurisdictional claim weighs in favor of imposing costs.

However, the Court also notes the presence of exigent circumstances in this case. Relator Mshuja submitted a declaration explaining that he is 71 years old, is no longer employed, and lives off of a fixed income consisting primarily of his monthly income from the Social Security Administration. *Mshuja Decl.*, ¶ 2. He also detailed that his total net income for last year was less than $19,414.80 and that his only asset is his home. *Mshuja Decl.*, ¶¶ 3, 4. While Relator Lee did not submit a declaration under penalty of perjury, the Opposition details that Relator Lee is 70 years old, is no longer employed, and lives on a fixed income. *Opp.* at 6:17-18. Thus, the Court acknowledges that awarding costs against Relators would likely cause them extreme hardship. *See Otay*, 672 F.3d at 1158. Ernst & Young argues that Relators' reliance on *Otay* is misplaced. In *Otay*, the Court analyzed whether a defendant was required to show that it had suffered exigent circumstances, such as hardship or culpable behavior, in order to show that awarding costs was appropriate. *Id.* The Court acknowledged that while a showing of exigent circumstances was not a threshold requirement for defendants, it was a factor to be taken into account. Although the exigent circumstances at issue here pertain to the hardship that Relators, and not Defendants would face, the Court finds that such a consideration is appropriate. Not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

only did *Otay* specifically refer to hardship of "parties" and not just defendants, but it encouraged evaluating "the circumstances and equities of each case." *Id.* at 1157.

Accordingly, while the Court does find that Relators' jurisdictional claim was unreasonable, because imposing an award of costs on Relators would cause them extreme hardship, the Court finds that an award of costs would be unreasonable given the totality of the circumstances. Because the Court finds that imposing costs would be inequitable, it need not address Relators' other arguments. The motions for costs are DENIED.

 B. Attorneys' Fees

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Upon determining that a fee award is in order, the court must calculate the proper amount of the award to ensure that it is reasonable. *See Hensley*, 461 U.S. at 433-34. Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622-23 (9th Cir. 1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp*., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). In such cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of the following factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

Corinthian Colleges and Ernst & Young request that the Court issue sanctions for the amount of the attorneys' fees requested, pursuant to 28 U.S.C. § 1927. They also contend that sanctions are appropriate under the Court's inherent powers. Corinthian Colleges also independently seeks attorneys' fees pursuant to fee shifting provisions in 31 U.S.C. § 3730. Ernst & Young seeks attorneys' fees only as to Relators' Counsel, whereas Corinthian Colleges seeks attorneys' fees both as to Relators' Counsel and Relators.

      *i.*    *28 U.S.C. § 1927*

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Ninth Circuit has interpreted "unreasonably and vexatiously" to require subjective bad faith, meaning that the attorney recklessly or knowingly raised a frivolous argument or argued a claim for the purposes of harassment. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). In fact, a finding of subjective bad faith is "crucial," as a frivolous argument by itself is insufficient to support an award of sanctions under § 1927. *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (declining to award attorneys' fees under § 1927 when the plaintiff's arguments were not frivolous and, even if they had been frivolous, it was not shown that they were made in bad faith).

First, Defendants argue that Relators' Counsel pursued the lawsuit in bad faith because he knowingly raised frivolous arguments. Ernst & Young notes that filing the lawsuit evinces bad faith because Relators' Counsel knowingly recruited two Relators who had no basis for believing that Ernst & Young violated any laws. *See Mshuja Depo Tr.* at 21:14-22:14, 40:21-41:13, 101:12-103:18; *Lee Depo Tr.* at 174:15-175:17, 194:19-197:3. Similarly, Corinthian Colleges notes that Relators' Counsel knew that neither Relator could qualify as an original source under the FCA. The allegations in the lawsuit pertain to the alleged false certification of compliance with a prohibition in the HEA against paying incentive compensation to recruiters. However, Relator Mshuja was a test proctor and had no knowledge of Corinthian Colleges' compensation practices, and Relator Lee did not have firsthand knowledge of Corinthian Colleges' compensation practices during any time period at issue in this litigation. *See* Dkt. # 224 at 16, 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

Other courts have found sanctionable conduct under § 1927 where an attorney "educates" Relators as to their causes of action. *See U.S. v. ITT Educational Services, Inc.*, No. 1:07–cv–0867–TWP–MJD, 2012 WL 1028794, at *11 (S.D. Ind., 2012) (awarding attorneys' fees and sanctions where Relator "had no idea that ITT may have violated the FCA or that she may have had a plausible lawsuit against her former employer until she was approached and "educated" by [counsel]. Common sense suggests that [Relator] is worlds apart from the type of genuine whistleblower contemplated by the FCA."). Thus, like in *ITT Educational Services*, Relators' Counsel pursued this case in bad faith because he manufactured this case by knowingly recruiting Relators who he knew lacked the requisite knowledge of the conduct at issue.

Additionally, Defendants contend that it was reckless to pursue the case because Relators' counsel knew of numerous prior disclosures in the public record prior to filing this case. The allegations in this case were disclosed in publicly available Congressional testimony and a securities class action filed against Corinthian Colleges. *See* Dkt. # 224 at 8-9. The Court agrees that the myriad of public disclosures available suggest that a "reasonable and competent inquiry" would have revealed that the suit was barred on jurisdictional grounds. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990) (affirming sanctions under § 1927 where counsel "recklessly proceeded with litigation despite a complete lack of factual support"). As a self-proclaimed "expert in qui tam False Claim Acts litigation," Relators' Counsel should have been aware of the public disclosure bar and that the many public disclosures in this case did not support jurisdiction. *See Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1221 (9th Cir. 2010) (awarding sanctions under § 1927 and inherent powers where attorney described himself as an "experienced copyright lawyer"). Notably, Relators' Counsel even admitted in the parties' meet and confer call on January 7, 2013 that he had been aware of the securities class action complaints filed against Corinthian Colleges but pursued the claims anyway. *See Hassanein Decl.*, ¶ 12. The fact that Relators' Counsel knowingly pursued the claim in spite of his awareness of the public disclosures and knowingly recruited Relators who lacked knowledge of the relevant information shows that he knowingly raised a frivolous argument. *See New Alaska Dev. Corp.*, 869 F.2d at 1306.

Relators' Counsel argues that he did not pursue the action in bad faith because the Ninth Circuit "affirmed" Relators' theory of the case. However, the Ninth Circuit ruling did not suggest that Relators had a meritorious complaint; rather, it suggested that if Relators could feasibly amend their Complaint to state a valid case, they should be granted leave to do so. *Lee*, 655 F.3d at 1000. Nonetheless, discovery revealed that Relators' allegations were unfounded. Thus, to argue that the Ninth Circuit affirmed Relators' case because it suggested that Relators may be able to amend the Complaint to state a claim is without merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

Second, Defendants argue that Relators' Counsel behaved in a vexatious manner. Ernst & Young argues that Relators' Counsel multiplied the proceedings in many ways. For example, although Ernst & Young warned Relators' Counsel that there was no factual basis for the allegation that Ernst & Young conducted Corinthian Colleges' compliance audits, Relators' Counsel refused to drop the allegation. *See* Dkt. # 36 at 2. Relators' Counsel then ignored evidence provided by Ernst & Young showing that Corinthian Colleges had used a different auditor and appealed the issue to the Ninth Circuit. *See* Dkt. # 69. Relators then filed a First Amended Complaint containing the allegation that Ernst & Young performed the compliance audits although it had direct evidence to the contrary. *See* Dkt. # 78 at ¶ 5.

Relators' Counsel also delayed the Rule 16 conference and required court intervention to file a joint case management statement with Defendants. *Hassanein Decl.*, ¶ 11; Dkts. # 124, 126. Relators' Counsel filed a procedurally defective motion for a protective order less than one week before Relators' depositions, which it ultimately withdrew. *See* Dkts. # 145, 163. Additionally, Relators' Counsel filed a baseless *ex parte* application seeking a ninety day extension of Relators' deadline to oppose Defendants' Rule 12(b)(1) motion so that it could take merits discovery, even though the Court had previously instructed Relators' Counsel to address the issue of additional discovery in Relators' oppositions to Defendants' Rule 12(b)(1) motions. *See* Dkts. # 170, 179. Other courts have recognized that such vexatious conduct warrants imposition of attorneys' fees. *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1077 (9th Cir. 2011) (affirming an award of sanctions under § 1927 where the attorney lacked a "legal basis" for bringing his motion).

Relators fail to offer any argument as to why fees should not be imposed under § 1927. They do not dispute any of the vexatious conduct, nor do they address any relevant arguments as to the legal propriety of their jurisdictional claim. Rather, they offer many irrelevant arguments as to the Court's prior findings. For example, Relators argue that it was improper under Rule 12(d) to "convert" the Rule 12(b)(1) motion into a motion for summary judgment. However, Rule 12(d) speaks only to motions under Rule 12(b)(6) and Rule 12(c). *See* Fed. R. Civ. P. 12(d). Additionally, Relators argue that imposition of attorneys' fees is unreasonable because of the *Noerr-Pennington* doctrine. However, the Supreme Court has recognized that the *Noerr-Pennington* doctrine has no impact on the courts' ability to impose litigation sanctions. *See BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 537 (2002) ("[N]othing in our holding today should be read to question the validity of common law litigation sanctions imposed by courts themselves – such as those authorized by Rule 11 . . . or the validity of statutory provisions that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#232/238/244/248 (06/10 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

merely authorize the imposition of attorneys' fees on a losing plaintiff."). Thus, as Defendants have shown that Relators' Counsel knowingly filed a frivolous claim and engaged in vexatious conduct, and because Relators' Counsel has not disputed any of Defendants' arguments, it is proper for the Court to award attorneys' fees against Relators' Counsel under § 1927.

      *ii.*    *Inherent Powers*

Although the Court enjoys "broad power" to award sanctions against attorney misconduct, the Supreme Court has cautioned that "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation omitted). "Sanctions not only may have a severe effect on the individual attorney . . . but they may also deter future parties from pursuing colorable claims." *Mendez v. County of San Bernadino*, 540 F.3d 1009, 1133 (9th Cir. 2008) (citation omitted).

While the Court recognizes that it should exercise discretion with regard to its "broad power" to award sanctions, where, as here, the record reflects an improper purpose on part of the attorney, sanctions are warranted under the Court's inherent powers. Corinthian Colleges argues that sanctions are also appropriate under the Court's inherent powers because Relators' Counsel had an improper purpose in pursuing this lawsuit. Relators were "recruited" to join this case by Relators' Counsel, although neither had previously considered suing the school. *See Mshuja Depo Tr.* at 21:14-22:14, 40:21-41:13, 101:12-103:18; *Lee Depo Tr.* at 174:15-175:17;194:19-197:3. Relators' counsel recruited Relators to participate in the lawsuit over a series of "recruitment dinners." Relator Mshuja admitted that he was "spur[red]" to file this lawsuit because of the settlement reached in the *Hendow* case (involving the University of Phoenix), in which Relators received a $19 million cut of a $67.5 million settlement. *See Mshuja Depo. Tr.* at 44:4-17. While the Court's inherent powers should be exercised with discretion, in cases where attorneys manufacture lawsuits that are clearly not meritorious in the hopes of extracting a settlement, this type of conduct should be strongly discouraged by the Court. *See Carlock v. Collins Motor Co.*, Civil Case No. 04cv0370 J(RBB), 2008 WL 943037, at *3 (S.D. Cal. Apr. 7, 2008) (awarding sanctions under both Section 1927 and the court's inherent power because Plaintiff filed "contrived claims . . . in bad faith and for the improper motive of extracting quick cash settlements"); *Walker v. Rieth-Riley Constr. Co.*, No. 2:03-CV-507 PS, 2007 WL 570492, at *2 (N.D. Ind. Feb. 16, 2007) ("When an attorney maintains a case for no other purpose than to extract a nuisance-value settlement, a court can properly find that the attorney acted with improper purpose and bad faith within the meaning of § 1927"); *Ratliff v. Stewart*, 508 F.3d 225, 235-36 (5th Cir. 2007) ("[I]mproper purpose' could be inferred" based on failure to conduct a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#232/238/244/248 (06/10 hrg off)**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

sufficient inquiry prior to filing suit). Here, too, Relators fail to offer any argument as to why fees should not be imposed under the Court's inherent powers and only offer irrelevant arguments as to the Court's prior findings. Thus, it is also proper for the Court to award attorneys' fees against Relators' Counsel based on its inherent powers.

### iii. *31 U.S.C. § 3730*

In *qui tam* cases, a court may award attorneys' fees against the plaintiff if the "action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). This standard tracks the Ninth Circuit standard as to when fees are appropriate under 42 U.S.C. § 1988 to a prevailing defendant, and case law applying § 1988 is instructive in determining whether to award attorneys' fees to a prevailing defendant under the FCA. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002); *Hyde v. Midland Credit Mgmt., Inc.,* 567 F.3d 1137, 1140 (9th Cir. 2009).

An action is "clearly frivolous" when "the result is obvious" or where arguments are "wholly without merit." *Pfingston*, 284 F.3d at 1006. This standard is met if "the plaintiff continued to litigate after" his claim "clearly became" groundless or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 15 (1980). An action is "clearly vexatious" or "brought primarily for purposes of harassment" when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant. *Pfingston*, 284 F.3d at 1006. The Ninth Circuit has held that an award of attorneys' fees against an attorney is not authorized by the False Claims Act. *Id.* The award of fees under § 3730(d)(4) is "reserved for rare and special circumstances." *Id.* at 1006–07.

Here, the case has been dismissed for lack of subject matter jurisdiction. While the Ninth Circuit has not directly spoken on the issue, other Circuits have found that a court may exercise subject matter jurisdiction over the decision of whether to award fees under the FCA. *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1057-58 (10th Cir. 2004) (finding that the court had jurisdiction to analyze the attorneys' fees claim under § 3730(d)(4) even though the action had been dismissed for lack of subject matter jurisdiction); *Citizens for a Better Env. v. Steel Co.*, 230 F.3d 923, 926 (7th Cir. 2000) (holding that "a court may lack authority to resolve the merits of a claim yet have jurisdiction to award costs and fees to the prevailing party").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

Relators argue that the Ninth Circuit case law suggests that this Court does not have jurisdiction to award fees under § 3730(d)(4). The Ninth Circuit has recognized that § 1988 cases are instructive in deciding whether fees are appropriate under the FCA. *See Pfingston*, 284 F.3d at 1006. It has also determined that where dismissal is mandated by a lack of subject matter jurisdiction, a defendant is not a "prevailing" party within the meaning of the attorneys' fees provision of § 1988, divesting the court of jurisdiction over the attorneys' fees motion. *See Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995); *Star Northwest, Inc. v. City of Kenmore*, 280 F. App'x 654, 658 (9th Cir. 2008). However, there are other cases in the Ninth Circuit in which the Circuit upheld an award of attorneys' fees even where the district court lacked jurisdiction under § 1988. *Elks Nat'l Found. v. Weber*, 942 F.2d 1480, 1485-86 (9th Cir. 1991). Accordingly, given the disagreement within the Ninth Circuit as to the propriety of exercising jurisdiction over attorneys' fees under § 1988, the Court finds it appropriate to follow the decision in *Grynberg*, which specifically recognized the propriety of maintaining jurisdiction over a determination of attorneys' fees under § 3730(d)(4) where the underlying action had been dismissed for lack of subject matter jurisdiction.

While Corinthian Colleges is permitted to maintain a claim for attorneys' fees under § 3730(d)(4), Relators are correct that Corinthian Colleges cannot recover those fees against Relators' Counsel. *Pfingston*, 284 F.3d at 1006. Corinthian Colleges still pursues fees against Relators, arguing that they pursued the lawsuit in bad faith, engaged in vexatious conduct, and had an improper purpose. While the Court is satisfied that Relators' Counsel pursued the lawsuit in bad faith and engaged in vexatious litigation conduct, it is not persuaded that Relators are similarly culpable. Although Relators arguably pursued the lawsuit with an "improper purpose" because they were highly motivated by settlement, it is unclear what role Relators' Counsel played in convincing Relators that they had a legitimate claim. Further, it is unclear whether Relators were personally involved in any of the vexatious filings. Thus, while the Court finds it appropriate to award attorneys' fees under § 1927 and the Court's inherent powers, it does not find it appropriate to award attorneys' fees under § 3730(d)(4).

   *iv.  Reasonableness of Attorneys' Fees*

Under the "lodestar" method of fee calculation used in this Circuit, the Court must multiply the "reasonable" hourly rate by the number of hours "reasonably" expended in the litigation. *Hensley*, 461 U.S. at 429; *see also Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing *Hensley*, 461 U.S. at 433). The resulting "lodestar" figure is presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 364, n.8 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#232/238/244/248 (06/10 hrg off)**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

*1. Reasonableness of the Hourly Rate*

In calculating the lodestar figure, the Court must ensure that Defendants' counsel's hourly rates are reasonable. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Given that Relators do not contest the reasonableness of Defendants' counsel's rates, this inquiry need not detain the Court long.

According to the declaration of Blanca Young, the billing rates of Munger, Tolles, & Olson, LLP, who represented Corinthian Colleges for the duration of the litigation, range from $360 to $925 per hour. *Young Decl.*, ¶¶ 3-7, Exs. 1-2. According to the declaration of Timothy Hatch, the billing rates of Gibson, Dunn & Crutcher, LLP, who represented Ernst & Young through June 25, 2012, ranged from $349 to $900 per hour. *See Hatch Decl.*, ¶¶ 6-7; Exs. A, B. Additionally, a portion of Gibson Dunn & Crutcher, LLP's fees were charged under a fixed-fee arrangement, which represents a lower fee than if Gibson, Dunn & Crutcher, LLP had billed Ernst & Young its hourly rates for that time period. *Hatch Decl.*, ¶ 6, Ex. B. According to the Declaration of Ryan G. Hassanein, the billing rates for Morrison & Foerster, LLP, who Ernst & Young retained from June 25, 2012 to the present, ranged from $553.50 to $756 per hour. *Hassanein Decl.*, ¶¶ 6-7; Exs. A, B.

The Court finds that these rates are not unreasonable for experienced lawyers in the Los Angeles market. *See Young Decl.*, ¶¶ 11-12, Ex. 3 (showing billing rates at Latham & Watkins and Gibson, Dunn & Crutcher); *Trauth v. Spearmint Rhino Cos. Worldwide, Inc.*, No. EDCV 09-01316 VAP (DTBx), 2012 WL 4755682, at *7 (C.D. Cal. Oct. 5, 2012) (finding hourly rates of $700 for partners and $495 for non-partners reasonable). Accordingly, the Court accepts Defendants' counsel's assertions that their hourly rates are reasonable.

*2. Reasonableness of the Number of Hours*

Next, the Court must inquire as to whether the total hours were "reasonably" expended in this matter. Counsel for Corinthian Colleges expended a total of 2,011.6 hours. *See Young Decl.*, Exs. 1-2 (including staff). Corinthian Colleges has also attached its billing records from March 5, 2009 to March 18, 2013. *Young Decl.*, Ex. 2. Counsel for Ernst & Young expended a total of 888.65 hours. *Hassanein Decl.*, Ex. A; *Hatch Decl.*, Ex. A (including 73.75 staff hours and 408 attorney hours for Morrison & Foerster, LLP, and 406.9 attorney hours for Gibson, Dunn, & Crutcher, LLP). Ernst & Young also attached billing records for Gibson, Dunn, &

11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#232/238/244/248 (06/10 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |

Crutcher, LLP from June 24, 2009 to June 4, 2012, and for Morrison & Foerster, LLP from June 25, 2012 to March 18, 2013. *See Hatch Decl.*, Ex. B; *Hassanein Decl.*, Ex. B. Upon careful review of the billing records, the Court finds that the hours were "reasonably expended." The records are detailed and the tasks included in the records do not appear duplicative of one another. *See generally*, *Young Decl,* Ex. 2; *Hatch Decl.*, Ex. B; *Hassanein Decl.*, Ex. B.

Additionally, the Court notes that counsel for all Defendants kept litigation costs to a minimum by appropriately addressing the jurisdictional issue early, limiting the need for discovery and further litigation. Although Relators argue that the 12(b)(1) motion should have been brought earlier in the case, the Court notes that the delay in bringing the 12(b)(1) motion was imposed only because the 12(b)(6) motion was granted and then appealed and remanded. The Court finds it appropriate that Defendants filed the Rule 12(b)(6) motion prior to the Rule 12(b)(1) motion, which required minimal discovery. In light of all of these considerations, the Court finds that the hours billed are reasonable.

### 3. *Calculation of the Lodestar Sum*

Because the Court finds the hourly rates to be reasonable and also finds the hours expended to be reasonable, the Lodestar Sum is equivalent to the amount requested by Defendants. Accordingly, the Lodestar Sum for Corinthian Colleges is $984,457.50. The Lodestar Sum for Ernst & Young is $497,804.33 (the Court reached this sum by adding $251,710.16 in fees from Gibson, Dunn & Crutcher and $246,094.17 in fees from Morrison & Foerster).[1]

### IV. Conclusion

Thus, based on the foregoing, the Court DENIES Defendants' motions for costs and the Court GRANTS Defendants' motions for attorneys' fees and sanctions. The Court awards $984,457.50 in attorneys' fees to Corinthian Colleges. The Court awards $497,804.33 in attorneys' fees to Ernst & Young. The fees and are to be paid by Relators' Counsel and the firm of Scott D. Levy & Associates P.C.

---

[1] This number is lower than the number sought in Ernst & Young's motion because Ernst & Young's request for attorneys' fees included legal research costs incurred at both firms, which are not properly included in an award for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#232/238/244/248 (06/10 hrg off)**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1984 PSG (MANx) | Date | June 6, 2013 |
|---|---|---|---|
| Title | U.S. ex rel. Nyoka Lee and Talala Mshuja v. Corinthian Colleges, Inc., et al. | | |